STEAGALL, Justice.
We granted certiorari in this case to review the Court of Civil Appeals’ construction and application of the Fair Dismissal Act, Ala.Code 1975, § 36-26-100 et seq.
Linda Clayton and Betty Johnson were employees of the Board of School Commissioners of Mobile County (“Mobile School Board”). Clayton had been employed 4-V2 years during the period 1979 — 1985, and Johnson had been employed 14 years during the period 1968 — 1985. Prior to August 1985, neither woman had at that time been employed for three consecutive years. In August 1985, the Mobile School Board notified Clayton and Johnson that their employment was to be terminated. The notices spoke only of their termination and the effective date of the termination, but did not state any reasons for termination or the facts upon which it was based. Additionally, no notice of a right to a hearing, as is prescribed by Code § 36-26-103 (the Fair Dismissal Act), was given. Clayton and Johnson’s requests for a hearing were denied by the Mobile School Board, and their employment was terminated.
Following their termination, Clayton and Johnson filed suit on September 4, 1986, alleging that the Mobile School Board’s failure to recognize their rights as nonpro-bationary employees violated the Fair Dismissal Act and violated their due process and equal protection rights under the 14th Amendment of the United States Constitution. They sought an order reinstating them to their former jobs and awarding them back pay, compensatory and punitive damages, and reasonable attorney fees.
After trial, the court issued a one-sentence judgment in favor of the Mobile School Board. It is from the Court of Civil Appeals’ affirmance of that judgment 552 So.2d 145 (1988), that Clayton and Johnson petitioned for review, raising the following issues:
1. Whether it was error for the Court of Civil Appeals to read the word “consecutive” into Code § 36-26-101(a)’s prescription for three years probationary employ *154 ment from the date of initial employment.
2. Whether the Court of Civil Appeals erred in holding that the Fair Dismissal Act applies only to persons who work three years after the passage of the Act and whether a contrary construction would be a retroactive application of this Act.
Our review must begin with an understanding of the Fair Dismissal Act, § 36-26-100 et seq. The “overall purpose of the ‘Fair Dismissal Act’ [is] to provide non-teacher employees [of the public school system] a fair and swift resolution of proposed employment terminations.” Bolton v. Board of School Commissioners of Mobile County, 514 So.2d 820, 824 (Ala.1987). In order to achieve this purpose, the Fair Dismissal Act provides statutory guidelines for the termination of those employees protected by this Act, such as requiring notification, along with reasons of the proposed termination, and allowing a hearing. The specific section of the Fair Dismissal Act at issue, § 36-26-101(a), reads:
“(a) All employees as defined in section 36-26-100 shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority."^
«The first issue on appeal deals with the construction of § 36-26-101(a). The Mobile School Board, in support of the Court of Civil Appeals’ construction, argues that the Fair Dismissal Act’s meaning and intent are unclear. Therefore, it says, this Court must construe the statute, alone and in relation to other statutes as part of a legislative scheme, in order to determine the legislative intent. This Court has previously stated that “the ‘Fair Dismissal Act’ is not a model of legislative clarity” and has indulged in judicial construction to impart “reasonableness” into its language. Bolton v. Board of School Commissioners of Mobile County, 514 So.2d at 824. We find no reason not to do the same here.
The Mobile School Board contends that this Court, in its judicial construction, should, as the Court of Civil Appeals did, analogize the Fair Dismissal Act to the Teacher Tenure Act, which is mentioned in the preamble of the Fair Dismissal Act. The Act, the Mobile School Board argues, is part of a legislative scheme to provide the non-teacher employees of the public school system with protection similar to that provided to teachers employed by the public school system. The Teacher Tenure Act requires three consecutive years of service in the same county or school system and reemployment in that same county or school system for the succeeding year in order for the teacher to attain the Act’s protection. By analogizing the Fair Dismissal Act to the Teacher Tenure Act, the Court of Civil Appeals read the term “consecutive” into § 36-26-101(a), which sets out the requisite probationary period of employment for protection under the Fair Dismissal Act.
We reverse, in favor of a literal interpretation of the Fair Dismissal Act. This Court has previously stated:
“Where it appears from the context that certain words have been inadvertently omitted from a statute, the court may supply such words as are necessary to complete the sense, and to express the legislative intent, but it cannot supply words purposely omitted, and should supply an omission only when the omission is palpable and the omitted word plainly indicated by the context; and words will not be added except when necessary to make the statute conform to the obvious intent of the legislature or prevent the act from being absurd; and where the legislative intent can be accurately determined because of the omission, the court cannot add words so as to express what might or might not be intended.”
State v. Calumet & Hecla Consol. Copper Co., 259 Ala. 225, 232, 66 So.2d 726 (1953). We do not find that the Fair Dismissal Act will be rendered absurd, or its purpose defeated, or the legislative intent obstructed by enforcing a literal interpretation of it. If the legislature had intended that the requisite term of probationary employment be consecutive or continuous, it would have *155 so stated. There is no language within the text of the Fair Dismissal Act to support the construction requiring three consecutive years of probationary service from the date of the employee’s initial employment. Therefore, we reverse the judgment of the Court of Civil Appeals as to this issue.
The Court of Civil Appeals, in its extended opinion, further determined that in order to qualify for the protection of the Fair Dismissal Act, each employee must work three years from the enactment date of the Fair Dismissal Act. To hold otherwise, that court said, would be an unjustifiable retroactive application of the Act. We disagree. The general rule in Alabama is that no statute is to be applied retroactively absent a clear expression by the legislature of such an intention. Kittrell v. Benjamin, 396 So.2d 93 (Ala.1981). However, a statute is not rendered retroactive simply because it draws upon facts and information existing prior to its enactment. Board of Trustees of Policemen’s and Firemen’s Retirement Fund v. Cary, 373 So.2d 841 (Ala.1979); State ex rel. Highsmith v. Brown Service Funeral Co., 236 Ala. 249, 182 So. 18 (1938).
Clearly, the legislature did not intend that each employee, irrespective of the length of his or her term of service prior to the enactment date of the Fair Dismissal Act, should serve an additional three years after the Act’s enactment in order to gain its protection. In fact, the legislature rejected a substitute bill that would have prescribed just such a probationary period; that rejected substitute contained the following provision:
“(a) All employees as defined in Section 1 of this Act shall be deemed employed on a probationary status not to exceed thirty-six (36) months from the date of his or her employment, following the effective date of this Act.”
House Journal of Alabama 1983, pp. 501-02. “The rejection of an amendment indicates that the legislature does not intend the bill to include the provisions embodied in the rejected amendment.” Sutherland Statutory Construction, § 48.18 (4th ed.1984). Based upon this reasoning, we reverse. Employees qualifying under the Fair Dismissal Act need not work three years after the enactment date of the Act in order to gain its protection, but may, instead, have their employment time served prior to the Act’s enactment date applied toward qualification under the Act. Furthermore, such a construction is not a retroactive application of the Act.
We reverse the Court of Civil Appeals’ judgment as to 1) its reading of the term “consecutive” into § 36-26-101(a) and 2) its holding that, to get the benefit of the Fair Dismissal Act, an employee had to work three years after its enactment.
REVERSED AND REMANDED.
MADDOX, JONES,[1] ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.