We granted John McLeod and Barbara Dinkins's petition for a writ of certiorari to the Court of Civil Appeals in order to determine whether that court erred in affirming the summary judgment the circuit court had entered in favor of the defendants Wallace State Community College ("the College") and Larry Beaty, president of the College.
McLeod and Dinkins, instructors at the College, filed in the Dale Circuit Court complaints for declaratory judgments and petitions for writs of mandamus directed to the College, and to Larry Beaty, individually and in his capacity as president of the College. McLeod and Dinkins alleged that, because they had been employed by the College for a certain period of time, they had earned full-time nonprobationary employment ("tenure") under the Fair Dismissal Act, Ala. Code 1975, § 36-26-100 et seq. ("the FDA"), but that the defendants had not recognized their entitlement to tenure. They further claimed that the FDA protects them from partial termination of their employment without notice and a hearing, but that their employment was partially terminated by the College's reducing their teaching loads without notice and a hearing. They claimed that the FDA applied to them by its own terms, by the College's adoption of the FDA in its employee handbook, or by the State Board of Education's adoption, through its Postsecondary Education Department, of the FDA as its "Revised Hearing Procedure" ("RHP"). The plaintiffs sought orders from the circuit court *Page 684 
requiring the College to recognize them as tenured instructors, to issue them contracts for full-time employment, and to pay them damages for their cut in employment.
The circuit court entered summary judgments for the College and Beaty, holding that the plaintiffs' claims were precluded by the doctrine of exhaustion of administrative remedies and that the claims were barred by the doctrine of sovereign immunity declared by § 14 of the Alabama Constitution of 1901.
McLeod and Dinkins appealed to the Court of Civil Appeals. In a 3-2 decision, McLeod v. Beaty, 718 So.2d 673 (Ala.Civ.App. 1996), that court affirmed the summary judgments. The Court of Civil Appeals first ruled that McLeod and Dinkins's claims were not precluded by the doctrine of exhaustion of administrative remedies. However, the court held that as instructors at a two-year college, the plaintiffs were not employees covered by the FDA, but that they were covered by the State Board of Education's RHP, as interpreted by the chancellor of the Postsecondary Education Department. The defendants had submitted an affidavit from the chancellor stating his conclusion that neither McLeod nor Dinkins had met the requirement for tenure under the RHP. The Court of Civil Appeals affirmed the summary judgments based on that conclusion, and it did not address the circuit court's ruling that the plaintiffs' claims were barred by the doctrine of sovereign immunity.
 I.
We must first address the issue whether the circuit court correctly ruled that McLeod and Dinkins's claims are barred by the sovereign immunity provided the State by § 14 of the Constitution.[1] As noted above, the Court of Civil Appeals did not discuss this issue, but affirmed the summary judgments for the defendants based on another reason.
In general, § 14 prohibits the State and its agencies from being made defendants in any court. Alabama State Docks v. Saxon,631 So.2d 943 (Ala. 1994). This protection from suit also applies to officers or agents of the State who are sued in their official capacities or individually, when the action is, in effect, one against the State. Mitchell v. Davis, 598 So.2d 801 (Ala. 1992);Phillips v. Thomas, 555 So.2d 81 (Ala. 1989). However, the immunity from suit conferred by § 14 is not absolute. A state officer is not immune from suit when he or she has acted under a mistaken interpretation of the law, when the lawsuit is to compel the performance of a legal duty or ministerial act, or where the lawsuit is brought under the Declaratory Judgment Acts. Mitchell, supra; Phillips, supra.
McLeod and Dinkins's complaints against the College and Beaty contained counts seeking declaratory judgments, and they also alleged that they had met all the requirements for nonprobationary status ("tenure"), but that the defendants had not acknowledged their entitlement to tenure because the defendants were interpreting the applicable law incorrectly. We conclude that these counts sufficiently implicate the exceptions to the protection from suit afforded by § 14, and we hold that the plaintiffs' actions against the defendants are not barred by the doctrine of sovereign immunity. See Rigby v. AuburnUniversity, 448 So.2d 345 (Ala. 1984) (action brought by an employee against agents of the university seeking to compel them to pay him the salary that conformed with his job classification in the university's employee compensation plan was not barred by § 14); Breazeale v. Board of Trustees of the University ofSouth Alabama, 575 So.2d 1126 (Ala.Civ.App. 1991) (action brought by employees challenging the university's failure to implement a performance evaluation system on which pay raises were to be based was an action to compel university to act in accord with its own rules and regulations and was not barred by § 14).
 II.
McLeod and Dinkins contend that the Court of Civil Appeals erred in ruling that *Page 685 
they are not covered by the provisions of the FDA. The relevant section of the FDA is set out below:
 "DISMISSAL PROCEDURES FOR NONTEACHER, NONCLASSIFIED, ETC., EMPLOYEES IN CERTAIN SCHOOL SYSTEMS, INSTITUTIONS, ETC.
"§ 36-26-100.
 "The term `employees,' as used in this article [Title 36, Chapter 26, Article 4; Article 4 is the FDA], is deemed to mean and include all persons employed by county and city boards of education, two-year educational institutions under the control and auspices of the state board of education, the Alabama Institute for Deaf and Blind not to include production workers at the Alabama Industries for the Blind, educational and correctional institutions under the control and auspices of the Alabama department of youth services, who are so employed as bus drivers, lunchroom or cafeteria workers, maids and janitors, custodians, maintenance personnel secretaries and clerical assistants supervisors [sic] and all other persons not otherwise certified by the state board of education. Only full-time employees who are not otherwise covered by the state merit system, the teacher tenure law, or other state statute at the time this article is adopted are intended to be covered by this article. Full-time employees include (a) adult bus drivers and (b) other employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted. Substitute teachers and substitute employees are excluded from the article."
(Emphasis added.)
McLeod and Dinkins make several arguments to support their position that the Court of Civil Appeals erred in ruling they are not protected by the FDA. They say that the court's conclusion that they are not covered by the FDA comes primarily from the title of that Act given in the Alabama Code of 1975, and not from the language of the FDA — Act No. 83-644, Ala. Acts 1983 — itself. The Court of Civil Appeals held that because the title of the FDA contains the word "non-teacher," the FDA does not apply to teachers, like the plaintiffs, who are instructors at two-year colleges. However, the plaintiffs argue that one considering the title given in the Act itself — "To provide for fair dismissal procedures for non-teachers and non-certified or classified employees in the public school systems, two-year institutions under control of the State Board of Education . . ." — would conclude that the legislature intended the FDA to cover employees who are nonteachers, employees who are noncertified, and employees who are classified. Instructors at two-year colleges are not required to be certified by the State Board of Education and, thus, McLeod and Dinkins say that as noncertified employees they are covered by the FDA.
McLeod and Dinkins next say that the Court of Civil Appeals erred by applying the rule of ejusdem generis in interpreting § 36-26-100, a part of the FDA. Under that general rule of statutory construction, where general words or phrases, such as "all persons," follow or precede a specific list of classes of persons or things, the general word or phrase is interpreted to be of the same nature or class as those named in the specific list. Lambert v. Wilcox County Comm'n, 623 So.2d 727 (Ala. 1993). The plaintiffs contend that the court erred because it applied the rule to the first sentence of § 36-26-100 but ignored the second sentence, which they say is more specific than the first and should control. McLeod and Dinkins say they are covered under the FDA by the second sentence of § 36-26-100, which states that the FDA covers "full-time employees who are not . . . covered by the state merit system, the teacher tenure law, or other state statute." They point out that they are not covered by the state merit system or the teacher tenure law, and they say they are not covered by another state statute; they note that the State Board of Education's RHP is a set of regulations and not a statute.
Alternatively, McLeod and Dinkins argue that if this Court cannot say that they are covered by the FDA as a matter of law, a lesser basis for holding that they are covered by the FDA is that the College's personnel *Page 686 
handbook specifically references the FDA as its tenure rule. They contend that because the College chose to adopt the FDA in relation to tenure, the College should be estopped from acting as if the FDA is not controlling.
Finally, the plaintiffs argue that the State Board of Education's RHP criteria for obtaining tenure are identical to those in the FDA, and that if the RHP is applicable to them, rather than the FDA, then the RHP should be interpreted in the same manner as the FDA. They say that this Court, in Ex parteClayton, 552 So.2d 152 (Ala. 1989), interpreted language in the FDA identical to language in the RHP in such a manner that they qualify as tenured instructors under that language. Thus, the plaintiffs argue that the Court of Civil Appeals erred in accepting the defendants' differing interpretation of RHP language that is identical to the language interpreted inClayton.
The College and Beaty respond by first arguing that McLeod and Dinkins cannot be covered by the FDA because the title of the FDA states that the FDA sets out "dismissal procedures for non-teachers" and thus, they say, the FDA cannot apply to teachers. They further argue that the Court of Civil Appeals correctly applied the principle of ejusdem generis to the first sentence of § 36-26-100. The defendants say that the second sentence of § 36-26-100 uses the term "employees" only after it has been defined by the first sentence. In other words, they say that in order for the second sentence to apply, a person must already be an "employee," as that term is defined by the first sentence, and that there is no reason to get in the second sentence to the issue whether the plaintiffs were covered by the state merit system or teacher tenure law, or another statute at the time the FDA was adopted because, they say, the plaintiffs are not "employees." They also argue that the second sentence of §36-26-100 excludes the plaintiffs because, the defendants say, the plaintiffs were covered by "another statute" when the FDA was adopted, specifically Ala. Code 1975, § 16-60-111.4, which authorized the State Board of Education to set up the RHP prescribing tenure qualifications for faculty members at two-year colleges.
In relation to the plaintiffs' argument that if the FDA's dismissal procedures are not controlling then the RHP should be interpreted in the same manner as the FDA, the defendants say that neither plaintiff ever made a claim under the RHP before the trial court.
 III.
In interpreting § 36-26-100, we have kept in mind the first rule of statutory construction: that the intent of the legislature should be given effect. Hines v. RiversideChevrolet-Olds, Inc., 655 So.2d 909 (Ala. 1994); Beavers v. Countyof Walker, 645 So.2d 1365 (Ala. 1994). If possible, the intent of the legislature should be gathered from the plain language of the statute. BP Exploration Oil, Inc. v. Hopkins, 678 So.2d 1052
(Ala. 1996); Beavers, supra. After thoroughly studying the text of § 36-26-100, we conclude that McLeod and Dinkins are correct in their assertion that two-year college instructors are covered by the FDA. There are several reasons for this conclusion, which we discuss below.
The College and Beaty emphasize that the title of the FDA, as stated in the Code reads: "Dismissal Procedures for Nonteacher, Nonclassified, Etc., Employees in Certain School Systems, Institutions, Etc." They say that because that title includes the word "nonteacher," the FDA excludes all teachers.[2] We also find that the actual text of § 36-26-100 conflicts with the defendants' interpretation of the codified title of the Act — the last sentence of § 36-26-100 states: "Substitute teachers and substitute employees are excluded from the article." If all teachers are excluded from the FDA, there would have been no need for the legislature to expressly exclude substitute teachers. We believe that the express exclusion of substitute teachers *Page 687 
by the legislature implies the inclusion of other teachers.
Moreover, we have looked to the full title of the Fair Dismissal Act as it was adopted by the legislature, i.e., Act No. 83-644, Ala. Acts 1983. The full title reads:
 "To provide for fair dismissal procedures for non-teachers and non-certified or classified employees in the public school systems, two-year institutions under control of the State Board of Education, the Department of Youth Services and the Alabama Institution for Deaf and Blind, who are not otherwise covered by the State's Merit System, the Teacher Tenure Law, or other state statute at the time this Act is adopted; to provide procedural and substantive due process of law for dismissal for just cause before the employing board after the employee completes the probationary period of employment and thereafter gains permanent status; to provide for an employee review panel to hear contested termination of employment and transfer; and to provide for review of the decisions of the employing board."
(Emphasis added.) The language excluding those employees covered by the state merit system, the teacher tenure law, or another state statute is repeated in § 36-26-100. Giving literal meaning to the legislature's plain language used in the full title and in § 36-26-100, we believe that instructors such as McLeod and Dinkins at two-year colleges fall within coverage of the Act. They are not certified by the State Board of Education; thus, they are noncertified employees of a two-year institution under the control of the State Board of Education. Further, they are not covered by either the State's merit system or the teacher tenure law. Finally, although the defendants argue that the plaintiffs were covered by an "other state statute" at the time the FDA was passed, specifically § 16-60-111.4, that statute did not itself create due process protections for employees such as the plaintiffs. Thus, the full title of the Fair Dismissal Act supports McLeod and Dinkins's position.
Although the Court of Civil Appeals applied the rule of ejusdemgeneris to the first sentence of § 36-26-100, which defines "employees," and concluded that teachers were not of the same type of employees as "bus drivers, lunchroom or cafeteria workers, maids and janitors, custodians, maintenance personnel, secretaries and clerical assistants supervisors [sic]," that rule of statutory construction does not govern if an examination of the entire text reveals that its application would create a result contrary to the intent of the legislature. Moore v. Cityof Mobile, 248 Ala. 436, 28 So.2d 203 (1946). As explained above, the text of § 36-26-100 and the full title of the FDA reveal a legislative intent to include some teachers under the FDA; we conclude that the rule of ejusdem generis has no application and that the Court of Civil Appeals erred in holding otherwise.
Given our conclusion that McLeod and Dinkins are covered by the FDA, we note that their employment is subject to § 36-26-101, the FDA section relating to nonprobationary status ("tenure"). That section reads, in part:
 "(a) All employees as defined in section 36-26-100 shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority."
(Emphasis added.) In Clayton v. Board of School Commissioners ofMobile County, 552 So.2d 152 (Ala. 1989), this Court held that § 36-26-101 (a) does not require that the three years of the probationary period be consecutive years or that the three-year period be a continuous period; and it held that a period of employment served before the enactment of the FDA would apply toward the probationary period. 552 So.2d at 154-55.
 IV.
We reverse the judgment of the Court of Civil Appeals and remand this case for further proceedings consistent with this opinion.[3]
REVERSED AND REMANDED.
[1] Section 14 states: "The State of Alabama shall never be made a defendant in any court of law or equity."
[2] This reasoning is defective because Ala. Code 1975, §1-1-14, states that "the descriptive headings or catchlines immediately preceding or within the text of the individual sections of this Code . . . do not constitute part of the law, and shall in no manner limit or expand the construction of any such section."
[3] We further note that we have made no conclusions as to the validity of the plaintiffs' factual claims. At oral argument, the parties disagreed as to the exact number of credit hours the plaintiffs had taught during certain quarters of different school years. The circuit court is the proper court to first make the necessary factual findings. *Page 688 
SHORES, J., concurs.
MADDOX and ALMON,* JJ., concur specially.
SEE, J., concurs in the result.
HOOPER, C.J., and KENNEDY,* J., dissent.
* Although Justice Almon and Justice Kennedy did not sit at oral argument of this case, they have listened to the tape of oral argument.
COOK, J., recuses himself.