I disagree with the main opinion's conclusion that the Alabama Trade School and Junior College Authority Act, § 16-60-80 et seq., Ala. Code 1975 ("the ATSJCAA"), applies to instructors, such as McLeod, at the state's two-year colleges. Rather, I believe those instructors are governed by the Fair Dismissal Act, § 36-26-100 et seq., Ala. Code 1975 ("the FDA").
The relevant section of the FDA is § 36-26-100. That section is the first section appearing in Article 4 of Chapter 26. That article is entitled: "Dismissal Procedures For Nonteacher, Nonclassified, etc., Employees in Certain School Systems, Institutions, etc." Section 36-26-100
reads:
 "The term `employees,'as used in this article, is deemed to mean and include all persons employed by county and city boards of education, two-year educational institutions under the control and auspices of the state board of education, . . . who are so employed as bus drivers, lunchroom or cafeteria workers, maids and janitors, custodians, maintenance personnel, secretaries and clerical assistants supervisors [sic] and all other persons not otherwise certified by the state board of education. Only full-time employees who are not otherwise covered by the state merit system, the teacher tenure law, or other state statute at the time this article is adopted are intended to be covered by this article. Full-time employees include (a) adult bus drivers and (b) other employees whose duties require 20 or more hours in each normal working week of the school term, employing board holidays excepted. Substitute teachers and substitute employees are excluded from the article."
(Emphasis added.) The fundamental rule of statutory construction is to ascertain and give effect to the Legislature's intent in enacting the statute. Norfolk Southern Ry. v. Johnson, 740 So.2d 392 (Ala. 1999). If possible, the Legislature's intent should be gathered from the plain language of the statute. Id. Our supreme court has previously noted that the FDA "is not a model of legislative clarity." Bolton v. Board ofSchool Comm'rs of Mobile County, 514 So.2d 820, 824 (Ala. 1987).
In Ex parte McLeod, 718 So.2d 682 (Ala. 1997), Justice Butts concluded that instructors such as McLeod are covered by the FDA, and he based that conclusion on several reasons. Initially, he determined that the defendant's argument that the FDA does not extend to junior-college instructors because the heading of § 36-26-100 specifically refers to "Nonteachers," was defective, because "`the descriptive headings or catchlines immediately preceding or within the text of the individual sections of the Code . . . do not constitute part of the law, and shall in no manner limit or expand the construction of any *Page 259 
such section.'" Ex parte McLeod, 718 So.2d at 686 n. 2, quoting § 1-1-14, Ala. Code 1975. Justice Butts further noted that the reference to "substitute teachers" in the last sentence of § 36-26-100
conflicts with the defendant's interpretation of the title of the Act. Justice Butts stated: "If all teachers are excluded from the FDA, there would have been no need for the legislature to expressly exclude substitute teachers. We believe that the express exclusion of substitute teachers by the legislature implies the inclusion of other teachers." Id., at 686-87.
Justice Butts next examined the full title of the FDA as it was adopted by the legislature. The title of Act No. 83-644, Ala. Acts 1983, reads:
"AN ACT
 "To provide for fair dismissal procedures for non-teachers and non-certified or classified employees in the public school systems, two-year institutions under control of the State Board of Education, . . . who are not otherwise covered by the State's Merit System, the Teacher Tenure Law, or other state statutes at the time this Act is adopted; to provide procedural and substantive due process of law for dismissal for just cause before the employing board after the employee completes the probationary period of employment and thereafter gains permanent status; to provide for an employee review panel to hear contested termination of employment and transfer; and to provide for review of the decisions of the employing board."
(Emphasis added.) In interpreting that title, as well as the language in § 36-26-100, Justice Butts stated:
 "The language excluding those employees covered by the state merit system, the teacher tenure law, or another state statute is repeated in § 36-26-100. Giving literal meaning to the legislature's plain language used in the full title and in § 36-26-100, we believe that instructors such as McLeod . . . at two-year colleges fall within coverage of the Act. They are not certified by the State Board of Education; thus, they are noncertified employees of a two-year institution under the control of the State Board of Education. Further, they are not covered by either the State's merit system or the teacher tenure law. Finally, although the defendants argue that [McLeod was] covered by an `other state statute' at the time the FDA was passed, specifically § 16-60-111.4, that statute did not itself create due process protections for employees such as [McLeod]. Thus, the full title of the Fair Dismissal Act supports [McLeod's] position."
Ex parte McLeod, 718 So.2d at 687.
Finally, Justice Butts concluded that the rule of ejusdem generis has no application to the interpretation of the term "employees" in §36-26-100. By the rule of ejusdem generis, "general words, following the enumeration of particular classes of persons or things, are construed to apply only to persons or things of the same general nature or class as those specifically enumerated." Lambert v. Wilcox County Comm'n,623 So.2d 727, 731 (Ala. 1993). However, the rule does not apply if an examination of the entire text makes "it apparent that the Legislature intended the general words to go beyond the class specifically designated." Moore v. City of Mobile, 248 Ala. 436, 440,28 So.2d 203, 207 (1946). Justice Butts concluded that a review of the "text of § 36-26-100 and the full title of the FDA reveal a legislative intent to include some teachers under the FDA," and, therefore, that the rule of ejusdem generis has no application. Ex parteMcLeod, 718 So.2d at 687. *Page 260 
I recognize that we are not bound by Justice Butts's opinion in Exparte McLeod; however, after reviewing that opinion, I find it to be well reasoned and dispositive of the issue presented in this case. Therefore, I would adopt Justice Butts's opinion and hold that the FDA applies to junior-college instructors such as McLeod.
I do agree, however, with Judge Crawley's conclusion that McLeod did not obtain tenure under the FDA. Therefore, I concur in the judgment reversing the trial court's judgment holding that McLeod had obtained tenure under the provisions of the FDA.
ROBERTSON, P.J., and MONROE, J., concur.