WRIGHT, Retired Appellate Judge
On January 25, 1996, Sherry Winsett and Troy Winsett, individually, and as father and next friend of McKenzie Winsett, a minor child, filed a complaint against William Thomas Phillips in the Madison County Circuit Court. They also filed interrogatories to Phillips. Thereafter, the Winsetts filed a motion to compel and a motion for sanctions. On July 15, 1996, the trial court entered an order, compelling Phillips to answer, within 10 days from the date of the order, the Winsetts’ interrogatories “in full compliance with the Alabama Rules of Civil Procedure.” On August 18, 1996, Phillips’s attorney, Tom E. Ellis, sent Phillips’s interrogatory answers to the Winsetts’ attorney. Ellis objected to disclosing the liability limits of Phillips’s insurance policy.
On April 28, 1997, the Winsetts filed a motion to compel, requesting that the trial court order Phillips to fully respond to the interrogatories and requesting an attorney fee. On May 5, 1997, Ellis, on behalf of Phillips, filed an objection to the motion to compel, alleging that the limits of Phillips’s liability insurance policy were not discoverable. The same day, the Winsetts filed a motion for an attorney fee and costs, pursuant to the Alabama Litigation Accountability Act, §§ 12-19-271 through -276, Ala.Code 1975, and to Rule 37, Ala. R. Civ. P.
On May 7, 1997, the trial court entered an order, stating that “[u]pon review of this matter, it appears that [Phillips] and/or his attorney of record have flagrantly failed to abide by this court’s previous order entered July IS, 1996.” The trial court ordered Phillips, among other things, to provide the Win-setts’ attorney, within seven days, with a legible copy of Phillips’s liability insurance policy. The trial court ordered the Winsetts to submit an affidavit of their attorney “as to the expenses incurred in obtaining discovery.” On May 9,1997, Phillips filed a motion to reconsider and requested oral argument of the Winsetts’ motion for an attorney fee and costs. The trial court denied Phillips’s motion, except to grant his request for oral argument on the Winsetts’ motion.
On May 13, 1997, the Winsetts’ attorney filed an affidavit for an attorney fee, setting forth in great detail his actions regarding discovery and the amount of time he spent in seeking Phillips’s responses. The attorney stated that he spent 9.75 hours to gain Phillips’s compliance in discovery and that his normal billing rate was $150 per hour. He requested a $1,350 attorney fee. On May 15, 1997, the Winsetts filed a motion for a default judgment, alleging that Phillips failed to comply with the trial court’s May 7, 1997, order.
Phillips filed an objection to the affidavit of the Winsetts’ attorney and moved to strike the affidavit. Thereafter, Phillips filed an objection to the motion for a default judgment. On October 23, 1997, the trial court entered an order, denying the motion for a default judgment. The trial court entered a separate order on the request for an attorney fee, stating, in pertinent part, as follows:
“This matter is pending before the court on the [Winsetts’] motion for a default judgment and for [an attorney fee] pursuant to Rule 37, Alabama Rules of Civil Procedure.
[[Image here]]
“However, the court is of the opinion that the [Winsetts] are entitled to a reasonable [attorney] fee for the services of their attorney in pursuing the discovery issues which led to the filing of the motion for [a] default judgment.
“The court specifically finds that the sum of $1,350.00 is reasonable and was incurred by the [Winsetts] in obtaining discovery which had been previously ordered by the court.
“The [Winsetts] shall have and recover of [Phillips] and his attorney [Ellis], jointly and severally, the sum of $1,350.00, for which execution shall issue pursuant to the Alabama Rules of Civil Procedure.”
The trial court made its order final and appealable pursuant to Rule 54(b), Ala. R. Civ. P.
Phillips and Ellis appeal, contending (1) that the trial court failed to make the re *820 quired findings to award an attorney fee pursuant to the Alabama Litigation Accountability Act, (2) that the trial court erred in finding that Phillips failed to produce discovery as ordered, and (3) that the trial court erred in assessing an attorney fee in the amount requested by counsel, when his affidavit showed excessive charges.
“Where a party fails to provide or permit discovery ordered by a court, the choice of sanctions to be imposed is largely within the discretion of the trial court, and this choice will not be disturbed on appeal absent a gross abuse of that discretion.” Woods v. Woods, 653 So.2d 312, 313 (Ala.Civ. App.1994) (citation omitted).
The Winsetts sought sanctions pursuant to the Alabama Litigation Accountability Act, §§ 12-19-271 through -276, Ala.Code 1975, and Rule 37, Ala. R. Civ. P. The trial court did not refer to the Alabama Litigation Accountability Act in its October 23,1997, order regarding an attorney fee, nor did the trial court state that Phillips’s objection to the disclosure of his insurance liability limits was “without substantial justification,” as required under the Alabama Litigation Accountability Act. Pacific Enter. Oil v. Howell Petroleum, 614 So.2d 409 (Ala.1993). However, the trial court did specifically refer to Rule 37 in its award of a $1,350 attorney fee.
Rule 37(b)(2) provides that a court may sanction a party who fails to obey an order to provide or permit discovery by requiring the disobedient party to
“pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.”
Rule 37(d) provides as follows:
“If a party ... fails (1) to appear before the officer who is to take the deposition after being served with proper notice, or to comply with a properly served request for production under Rule 30(b)(5), without having made an objection thereto, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for production or inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act to pay the reasonable expenses, including attorney’s fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.”
Consequently, we conclude that the trial court awarded an attorney fee to the Win-setts under Rule 37, Ala. R. Civ. P.
Phillips and Ellis argued before the trial court, and argue on appeal, that the limits of Phillips’s liability insurance policy are not discoverable under Rule 26, Ala. R. Civ. P.
Rule 26(b)(2), Ala. R. Civ. P., as amended effective October 1,1995, provides as follows:
“A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.”
(Emphasis added.)
The Committee Comments to the amendment to Rule 26, effective October 1, 1995, state as follows:
“Subdivision (b). This amendment conforms this subdivision to F.R. Civ. P. 26(b) as it existed before the 1993 amendments to F.R. Civ. P. 26. The revised rule authorizes restrictions on the frequency and extent of use of discovery methods. It also *821 makes insurance agreements generally discoverable.”
Rule 26(b)(2) is identical to F.R. Civ. P. 26(b)(2) as it read before the amendments effective December 1, 1993; therefore, we look to the federal courts’ interpretation of that rule. Kissic v. Liberty Nat’l Life Ins. Co., 641 So.2d 250 (Ala.1994). Before 1970, there was a great debate in the federal courts as to whether insurance policies were discoverable. 8 C. Wright and A. Miller, Federal Practice and Procedure § 2010 (1984). However, in 1970, Rule 26(b)(2), F.R. Civ. P., was adopted to resolve the issue and to provide that insurance agreements are discoverable. Henderson v. Zurn Industries, Inc., 131 F.R.D. 560 (S.D.Ind.1990); 1 J. Moore, Moore’s Federal Practice Rules Pamphlet, Rule 26, Author’s Commentary § 26.13. “The decision to adopt a rule permitting discovery was based on the view that knowledge of insurance will lead to more realistic negotiation and thus to more settlements.” C.A. Wright, Law of Federal Courts, § 81, at 588 and n. 72 (5th ed.1994).
Further, in Champ Lyons, Jr.’s Alabama Rules of Civil Procedure Annotated (3d ed.1996), the Author’s Comments to Rule 26, state, in pertinent part, as follows:
“26.13 Discoverability of Insurance
“Perhaps the most closely divided question to come before the Supreme Court of Alabama Advisory Committee during the time of initial consideration of [the civil rules] has to do with the discoverability of the limits of an insurance policy. This debate is now academic. Effective October 1, 1995, Rule 26(b)(2) was amended to permit discovery of the limits of insurance coverage.”
Therefore, we conclude that pursuant to Rule 26(b)(2) the limits of Phillips’s liability insurance policy were discoverable.
Phillips did not answer the interrogatories posed by the Winsetts until the trial court granted the Winsetts’ first motion to compel. After the trial court compelled Phillips to answer, he objected to some interrogatories and refused to provide a copy of his insurance declaration page. The Winsetts again filed a motion to compel, which the trial court granted. Ellis, on behalf of Phillips, again refused to provide a copy of Phillips’s insurance declaration page, asserting that the limits of his liability insurance policy were not subject to discovery under Rule 26, Ala. R. Civ. P.
Accordingly, we conclude that Phillips and Ellis were subject to sanctions pursuant to Rule 37(b)(2) or (d), because Phillips and/or Ellis failed to answer the interrogatory regarding the limits of his liability insurance policy and failed to comply with the trial court’s orders compelling Phillips to answer.
With regard to Phillips and Ellis’s third issue, Phillips and Ellis failed to cite any supporting authority for their argument. Rule 28(a)(5), Ala. R.App. P., requires “that ‘[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.’ (Emphasis added.)” McLemore v. Fleming, 604 So.2d 353 (Ala.1992). When a litigant fails to support his argument with proper authority, we have no choice but to affirm. Pierce v. Helka, 634 So.2d 1031 (Ala.Civ.App.1994).
Based upon our review of the record, we conclude that the trial court’s award of a $1,350 attorney fee was not a gross abuse of discretion. The judgment of the trial court is due to be affirmed.
The Winsetts’ request for an attorney pursuant to Rule 38, Ala. R.App. P., is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.