SEE, Justice.
Frances Badham and Crawford Badham, the plaintiffs in an action pending in the Jefferson Circuit Court, petition for a writ of mandamus directing the circuit court to enter an order compelling discovery of the policy limits of any insurance policies held by The Lingerie Shoppe, Inc. (the “Shoppe”), under which it would be insured against liability to the Badhams. The Badhams claim that the circuit court erred in denying their motion to compel discovery of the policy limits, because, they argue, the Alabama Rules of Civil Procedure provide for the discovery of such information. Because we hold that Rule 26(b)(2), Ala. R. Civ. P., does provide for the discovery of the policy limits, and because the Badhams have demonstrated a clear legal right to the discovery they seek, we grant their petition for the writ.
I.
In December 1995, Frances Badham was severely burned when the bathrobe she was wearing caught fire while she was lighting a candle. Her husband, Crawford Badham, was burned while attempting to put out the flames. Based on their injuries caused by the fire, the Badhams sued the Shoppe, among others, in the Jefferson Circuit Court, pursuant to the Alabama Extended Manufacturer’s Liability Doctrine.[1] During discovery, the Badhams served interrogatories *136 seeking, among other things, information concerning the limits of liability for insurance policies insuring the Shoppe against risks or losses pertaining to the Badhams’ lawsuit.
When the Shoppe objected to supplying the information regarding the liability limits of its insurance policies, the Badhams moved to compel discovery. The trial court granted their motion, but on the Shoppe’s motion for reconsideration, the trial court set aside its order and denied the motion to compel discovery. Thus, the Badhams have petitioned this Court for a writ of mandamus directing the trial court to order the Shoppe to disclose the information concerning the policy limits of the Shoppe’s insurance policies.
II.
The Badhams maintain that the trial court erred in denying their motion to compel discovery because, they argue, Rule 26(b)(2), Ala. R. Civ. P., clearly provides for the discovery of the information they seek regarding the policy limits of liability insurance held by the Shoppe.
“A writ of mandamus is an extraordinary remedy, requiring the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (8) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
Ex parte Conference America, Inc., 713 So.2d 953, 955 (Ala.1998) (citing Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989)). The Badhams claim that their “clear legal right” is established by Rule 26(b)(2). We agree.
Rule 26(b)(2) was amended in 1995 to read as follows:
“(2) Insurance Agreements. A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this paragraph, an application for insurance shall not be treated as part of an insurance agreement.”
Although this Court has not interpreted this provision since its 1995 amendment, the Court of Civil Appeals recently held that “pursuant to Rule 26(b)(2) the limits of [the defendant’s] liability insurance policy were discoverable.” Phillips v. Winsett, 717 So.2d 818, 821 (Ala.Civ.App.1998). That court relied on the Committee Comments to the October 1, 1995, amendment to Rule 26, which read in part:
“Subdivision (b). This amendment conforms this subdivision to F.R.Civ.P. 26(b) as it existed before the 1993 amendments to F.R.Civ.P. 26. The revised rule authorizes restrictions on the frequency and extent of use of discovery methods. It also makes insurance agreements generally discoverable.”
(Emphasis added.) Based on the fact that the amendment conformed Rule 26(b)(2) to the federal rule, the Court of Civil Appeals looked to the interpretation of Rule 26(b)(2), Fed.R.Civ.P. Phillips, 717 So.2d at 821. In Henderson v. Zurn Indus., Inc., 131 F.R.D. 560, 563 (S.D.Ind.1990), the district court held:
“Under the plain language of the Rule, the plaintiff is entitled to discover the ‘existence and contents’ of the insurance policy. As Professors Wright and Miller explain, ‘The rule allows discovery of the ... contents of an insurance agreement and is not confined to the policy limits.’ 8 C. Wright and A Miller, Federal Practice and Procedure § 2010 at 94 (1984). Thus, defendant’s attempt to limit discovery to the policy limits is contrary to the express mandate of the Rule.”
(Requiring the defendant to “produce the entire policy.”) See also Hall v. Aetna Cas. & Sur. Co., 617 F.2d 1108, 1110 n. 2 (5th Cir.1980) (indicating that Rule 26(b)(2) requires the defendant to produce the entire insurance policy); Ballard v. Allegheny Airlines, Inc., 54 F.R.D. 67, 69 (E.D.Pa.1972) (requiring the defendant to answer specific interrogatories concerning the contents of its insurance policies or to make available copies of all relevant insurance policies). Accord *137 ingly, we conclude that the policy liability limits are clearly discoverable under the federal rule.
Moreover, as the Court of Civil Appeals noted in Phillips, 717 So.2d at 821, the Author’s Comments to Rule 26, Ala. R. Civ. P., in Alabama Rules of Civil Procedure Annotated state in pertinent part:
“Perhaps the most closely divided question to come before the Supreme Court of Alabama Advisory Committee during the time of initial consideration of [the Rules of Civil Procedure] had to do with the discov-erability of the limits of an insurance policy. The debate is now academic. Effective October 1, 1995, Rule 26(b)(2) was amended to permit discovery of the limits of insurance coverage.”
1 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated § 26.13 at 560 (3d ed.1996) (emphasis added).
The Shoppe contends that these comments and the Court of Civil Appeals are in error because this Court held in Ex parte Lord, 399 So.2d 290, 292 (Ala.1981), that the plaintiffs were “entitled to discovery of the insurance policy ... to determine the existence of coverage only — not the amount of coverage.” However, an examination of Rule 26(b)(2) as it read when Lord was decided shows that the Shoppe’s assertion is without merit. That version of Rule 26(b)(2), adopted in 1973, read:
“Insurance Agreements. The amount of coverage under any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment shall not be subject to discovery, but nothing contained in this sub-paragraph shall restrict the discoverability of the existence of coverage under such insurance agreements, nor, where relevant under (b)(1),[2] of the existence or contents of an insurance agreement for purposes other than determination of the amount of coverage.”
Thus, the 1973 version of Rule 26(b)(2) permitted the discovery of the “existence or contents” of an insurance policy, but specifically excluded the policy limits from discovery. The present version of Rule 26(b)(2), as amended in 1995, provides for the discovery of the “existence and contents” of an insurance policy and does not exclude the policy limits from discovery. This Court is required to interpret the rule as it is written:
“This Court is not permitted to ‘legislate by construction.’ City of Birmingham v. Hendrix, 257 Ala. 300, 312, 58 So.2d 626, 638 (1952); see also State v. Tuscaloosa Bldg. & Loan Ass’n, 230 Ala. 476, 161 So. 530 (1935). Neither are we permitted arbitrarily to disregard the marked differences in terminology illustrated by these distinct types of amendments. Indeed, where there is a ‘material alteration in the language used in the different clauses, it is to be inferred’ that the alterations were not inadvertent. Lehman, Durr & Co. v. Robinson, 59 Ala. 219, 235 (1877); cf. 2A Sutherland Stat. [Constr.] § 51.02 (4th ed.) (‘ “where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed” ’) (quoting Western States Newspapers, Inc. v. Gehringer, 203 Cal.App.2d 793, 22 Cal.Rptr. 144 (1962)).”
House v. Cullman County, 593 So.2d 69, 75 (Ala.1992). Accordingly, we conclude that the 1995 amendment, which adopted the federal rule and deleted the liability-limits exclusion, clearly makes the liability limits of the Shoppe’s relevant insurance policies subject *138 to discovery. Therefore, the trial court erred in denying the Badhams’ motion to compel the Shoppe to answer the interrogatories concerning the policy limits of its relevant insurance policies.
The Badhams have demonstrated a clear legal right to the order sought. The trial court is directed to vacate its order denying the Badhams’ motion and to enter an order compelling the Shoppe to answer the interrogatories concerning the policy limits of its relevant insurance policies or to make available to the Badhams copies of the policies.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, COOK, and BROWN, JJ., concur.

. In their complaint, the Badhams allege that they purchased the robe from the Shoppe; that the Shoppe had purchased the robe from Pluto-Belgium and Emeraude Corporation in New York; and that the robe had been designed and manufactured by Anne and Catherine De Clippel, N.V.

2. Rule 26(b)(1), Ala. R. Civ. P., read as follows when Lord was decided:
"In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”