Ridgeview Health Care Center, Inc., seeks a writ of mandamus directing Walker Circuit Judge Hugh Beaird to vacate his order compelling Ridgeview to respond to certain discovery requests seeking information that Ridgeview argues is not discoverable under provisions of the Alabama Medical Liability Act of 1987 and the Alabama Medical Liability Act of 1996. We grant the petition.
 I.
Ridgeview is a "health care provider" within the meaning of the Alabama Medical Liability Act of 1987. See Ala. Code 1975, §6-5-542(1). Lima Hayes had Alzheimer's disease and was a patient at Ridgeview. In November 1998, Lima Hayes, by and through her son, Billy Hayes, as her guardian and conservator, sued Ridgeview, alleging that it had breached the applicable standard of care by allowing her to: (1) wander away from Ridgeview's facility; (2) fall from her wheelchair at least twice; (3) become dehydrated; and (4) develop large sores on her body. She sought damages under theories of medical malpractice, breach of fiduciary duty, and the tort of outrage. Ms. Hayes subsequently died, and in March 1999 Billy Hayes filed an amended complaint, substituting himself as plaintiff in his capacity as administrator of his mother's estate and adding claims of "negligent, reckless and wanton . . . screening, hiring, training, supervision and retention of [Ridgeview's] employees and staff," wrongful death, and breach of contract.
Hayes requested production of certain documents and answers to interrogatories. Ridgeview objected to certain of these discovery requests, based on Ala. Code 1975, § 6-5-551[1] (prohibiting "[a]ny *Page 1114 
party . . . from conducting discovery with regard to any other act or omission"), and Ala. Code 1975, § 22-21-8(b) (providing that "[a]ll accreditation, quality assurance credentialling and similar materials shall be held in confidence and shall not be subject to discovery"). Hayes moved to compel Ridgeview to respond. After conducting a hearing, the trial court ordered Ridgeview to respond to 14 of the requests for production and interrogatories, but limited the required responses to the three years "immediately preceding the date of [Ms. Hayes's] alleged injury."[2] *Page 1115 
Ridgeview challenges the trial court's order with respect to all the responses it ordered to requests for production of documents, and with respect to the response ordered to interrogatory number 6.
 II.
"A petition for the writ of mandamus is the proper means for obtaining review of the question `whether a trial court has abused its discretion in ordering discovery, in resolving discovery matters, and in issuing discovery orders.'" Ex parte Water Works Sewer Bd. of the City ofBirmingham, 723 So.2d 41, 42 (Ala. 1998) (quoting Ex parte Compass Bank,686 So.2d 1135, 1137 (Ala. 1996)).
A writ of mandamus is an extraordinary remedy, and one petitioning for it must show: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. See Ex parte ConferenceAmerica, Inc., 713 So.2d 953, 955 (Ala. 1998) (citing Ex parte Edgar,543 So.2d 682, 684 (Ala. 1989)).
Ridgeview first argues that the trial court erred by ordering it to respond to Hayes's requests for production no. 5 and no. 6, which seek information relating to the existence of, and the limits of, Ridgeview's liability-insurance coverage. Ridgeview argues that such information is prohibited from discovery under Ala. Code 1975, § 6-5-548(d). Hayes says that he is entitled to discovery of Ridgeview's insurance-coverage limits because, he argues, the rule prohibiting such discovery does not apply to his claims alleging that Ridgeview negligently, recklessly, and wantonly screened, hired, trained, supervised, and retained its employees. He cites Ex parte McCollough, 747 So.2d 887 (Ala. 1999), arguing that a claim alleging negligent hiring, training, and supervision is "separate and distinct" from a claim alleging a "breach of the standard of care." See § 6-5-548.
In McCollough, a majority of this Court held that, under § 6-5-551
as it then read, the plaintiff was entitled to discover information related to other acts and omissions by the defendant nursing home that were relevant to the plaintiff's allegations that the nursing home had negligently hired, trained, and supervised its employees. The nursing home had argued that the requested discovery was prohibited by §6-5-551, which at the time applicable in McCullough had prohibited a "[p]laintiff . . . from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission." This Court concluded that the requested information was "discoverable within the terms of § 6-5-551." 747 So.2d at 892. Thus, contrary to Hayes's interpretation, McCollough recognized that a *Page 1116 
claim against a health-care provider alleging negligent hiring, training, and supervision is an "action . . . for breach of the standard of care" governed by § 6-5-551.
Moreover, the amendment to § 6-5-551 makes it clear that a claim against a health-care provider alleging that it breached the standard of care in hiring, training, supervising, retaining, or terminating its employees is governed by the Alabama Medical Liability Act. Section6-5-551, as amended, provides:
 "In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention, or termination of care givers, the Alabama Medical Liability Act shall govern the parameters of discovery and all aspects of the action."
(Emphasis added.) Thus, not only are Hayes's claims based on the screening, hiring, training, supervision, and retention of Ridgeview's employees governed by the Alabama Medical Liability Act, but so are all matters of discovery related to those claims. Therefore, Hayes's claims against Ridgeview, including his claims of wanton, reckless, or negligent screening, hiring, training, supervision, and retention of its employees, are governed by the Alabama Medical Liability Act.
Although Rule 26(b)(2), Ala.R.Civ.P., permits a party to discover the liability limits of another party's insurance policy, see Ex parteBadham, 730 So.2d 135, 138 (Ala. 1999), the Alabama Medical Liability Act of 1996 expressly prohibits discovery of "[t]he limits of liability insurance coverage available to a health care provider . . . in any action for injury or damages or wrongful death, whether in contract or tort, against a health care provider for an alleged breach of the standard of care." Ala. Code 1975, § 6-5-548(d); see id. §6-5-549.1 (stating that §§ 6-5-548 and 6-5-549 shall be known as the Alabama Medical Liability Act of 1996). Thus, in the case of medical-liability actions, the Legislature has carved out an exception to the provision of Rule 26(b)(2) allowing for the discovery of policy limits of relevant insurance policies. See Ala. Const. of 1901, Amend. No. 328, § 6.11 (providing that the rules of procedure promulgated by this Court "may be changed by a general act of statewide application"). Accordingly, Ridgeview has demonstrated a clear legal right to the order sought. Therefore, we direct the trial court to vacate its order compelling Ridgeview to respond to requests for production no. 5 and no. 6.
Ridgeview also asserts that the trial court erred in ordering it to respond to interrogatory number 6 and requests for production no. 2, no. 3, no. 9, no. 11, no. 13, and no. 14. Ridgeview argues that the information and documents sought by these discovery requests concern "other act[s] or omission[s]," which are barred from discovery by §6-5-551. Ridgeview, however, acknowledges that the information and documents sought are discoverable under this Court's decision in Ex parteMcCullough. Ridgeview simply asks this Court to overrule Ex parteMcCullough because, it argues, that decision conflicts with the prohibition in § 6-5-551 against "other acts" evidence.
We agree that these discovery requests are prohibited by §6-5-551, as amended. This Court's holding in Ex parte McCollough that a plaintiff's allegation of a health-care provider's "systemic failure" permits the plaintiff to discover other acts or omissions has been superseded by the Legislature's amendment to § 6-5-551. Section6-5-551, as amended, makes it *Page 1117 
clear that in an action against a health-care provider, based on acts or omissions in the "hiring, training, supervision, retention, or termination of [the health-care provider's employees]," the plaintiff is entitled only to discovery concerning those acts or omissions "detailed specifica[lly] and factual[ly] descri[bed]" in the complaint and "alleged by [the] plaintiff to render the health care provider liable to [the] plaintiff." Thus, if the plaintiff alleges that the defendant health-care provider breached the standard of care by negligently training, supervising, retaining, or terminating an employee or by negligently entrusting an employee with an instrumentality, then the plaintiff may discover information only concerning those acts or omissions by those employees whose conduct is detailed specifically and factually described in the complaint as rendering the health-care provider liable. Consequently, Hayes is not entitled to discovery regarding acts or omissions by Ridgeview in the hiring, training, supervising, retaining, or terminating of employees other than those employees whose acts he detailed specifically and factually described in his complaint as rendering Ridgeview liable. Hayes's interrogatory no. 6 and requests for production no. 2, no. 3, no. 9, no. 11, no. 13, and no. 14 seek evidence of other acts or omissions of Ridgeview and its employees beyond those alleged in Hayes's complaint. Therefore, as to interrogatory no. 6 and requests for production no. 2, no. 3, no. 9, no. 11, no. 13, and no. 14, Ridgeview has shown a clear legal right to have the trial court's discovery order vacated.[3]
 III.
Accordingly, we grant Ridgeview's petition and direct the trial court to vacate its order requiring Ridgeview to disclose the limits of its insurance coverage and to respond to the discovery requests at issue, except to the extent its order required Ridgeview to respond to the interrogatories and requests for production seeking discovery of information concerning those acts or omissions specifically alleged in Hayes's complaint against Ridgeview.
PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Maddox, Houston, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Section 6-5-551 was amended, effective May 9, 2000. See Ala. Acts 2000, Act No. 2000-387. Although Hayes's cause of action accrued, and this action was commenced, before the effective date of the amendment to § 6-5-551, that amendment applies to all pending actions because it is remedial in nature and contains no clear language indicating that the Legislature did not intend it to have a retroactive effect. Act No.2000-387 is a remedial statute because it concerns matters of procedure, rather than vested, substantive rights. See McGlothren v. Eastern ShoreFamily Practice, P.C., 742 So.2d 173, 177 (Ala. 1999); Jones v. Casey,445 So.2d 873, 875 (Ala. 1983).
[2] Specifically, the trial court ordered Ridgeview to respond to the following requests for production of documents and the following interrogatories:
 "2. Please furnish each and every document submitted to or received from any government agency, including State or Federal agencies, regarding complaints, inquiries, problems, incidents or otherwise involving or alleging medical malpractice, medical negligence, or substandard care, in the State of Alabama. . . .
 "3. Please furnish each and every document, letter, memorandum, correspondence, computer record, etc.[,] which evidences, refers or pertains in any way to complaints, inquiries, problems, incidents or otherwise involving or alleging medical malpractice, medical negligence, or substandard care, by any patient, customer or other individual wherein that document pertains to the acts, omissions, shortcomings, pitfalls, or any other question pertaining not only to the direct care givers but the supervisors and management about medical malpractice, medical negligence, or substandard care. . . .
". . . .
 "5. Please furnish a copy of any insurance policy or policies or indemnity agreements that provide coverage or indemnity for the claims made in this lawsuit.
 "6. Please furnish declaration pages or any information regarding the amount of coverage available for this particular claim or lawsuit.
". . . .
 "9. Please furnish copies of any memoranda, reports, letters, or other documents associated with the discipline, suspension, warning, or reprimand of any individual who has cared for Plaintiff while Plaintiff was in the care of this Defendant.
". . . .
 "11. Please furnish a copy of each and every document, letter, memorandum, correspondence, and any other written or typed communication note, etc.[,] pertaining to the Plaintiff.
". . . .
 "13. Please furnish a copy of each and every letter, memorandum, correspondence, note, etc.[,] received by this Defendant, or forwarded in any way by this Defendant, which in any way pertains to the Plaintiff.
 "14. Please furnish any and all training, instruction, indoctrination, and/or orientation manuals, guidelines, policies, procedures, rules, documents, or materials given to any individual who has cared for Plaintiff while Plaintiff was in the care of this Defendant up to the filing of the Plaintiff's complaint relating to the proper standard of care to be given to patients while under the care of this Defendant.
 "1. Please state the name, address, and telephone number of all persons known to this Defendant, or to persons acting on behalf of or under the direction of this Defendant, to have knowledge of any of the facts or matters at issue in this lawsuit, and state their relationship, if any, to this Defendant.
". . . .
 "6. Provide the name and last known address of each and every employee of this Defendant who was reprimanded or terminated for providing substandard care to patients for the last five years preceding the filing of the Plaintiff's complaint.
". . . .
 "8. Please provide a detailed description of each and every circumstance known to this Defendant of Plaintiff falling from Plaintiff's wheelchair, including but not limited to: time, date, witnesses, care provided, reasons for falling if known, reports made, and persons notified.
 "9. Please provide a detailed description of each and every circumstance known to this Defendant of Plaintiff becoming dehydrated to such a point as needing to be hospitalized for dehydration, including but not limited to: time, date, witnesses, care provided, reason for Plaintiff dehydrating if known, reports made, and persons notified.
 "10. Please provide a detailed description of each and every circumstance known to this Defendant of Plaintiff wandering off of the premises of this Defendant's facilities, including but not limited to: time, date, witnesses, care provided, reason for Plaintiff being allowed to leave premises if known, reports made, and persons notified.
 "11. State the full name, address, and telephone number of each person who has provided this Defendant with statements regarding this lawsuit."
[3] Ridgeview also argues that interrogatories no. 4, no. 5, and no. 7 and requests for production of documents no. 8 and no. 10 seek information and documents protected from discovery under § 6-5-551. However, the trial court did not order Ridgeview to respond to those discovery requests.
Ridgeview makes the conclusory argument that certain requests for production seek documents that, under Ala. Code 1975, § 22-21-8, are not subject to discovery. Section 22-21-8(b) provides in relevant part that "[a]ll accreditation, quality assurance credentialling and similar materials shall be held in confidence and shall not be subject to discovery." However, Ridgeview does not show that the documents encompassed by Hayes's discovery requests constitute materials protected by § 22-21-8. See Ala.R.App.P. 28(a)(5).