I concur in the majority opinion. I write to note that I believe that the evidence of Dr. Gordon's past surgical mishaps, even if relevant, should have been excluded. Rule 402, Ala. R. Evid., states: "All relevant evidence is admissible, except
as otherwise provided by . . . statute. . . . Evidence which is not relevant is not admissible." Here, even if the evidence were relevant, the plain meaning of Ala. Code 1975, § 6-5-551, would operate to exclude it.
Section 6-5-551 states that in a medical-malpractice action, "[a]ny party shall be prohibited from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission." We have repeatedly interpreted this provision according to the plain-meaning rule, ruling inadmissible all evidence of "other act[s] or omission[s]" outside those specifically pleaded. Ex parte Coosa Valley HealthCare, Inc., 789 So.2d 208, 218 (Ala. 2000); Ex parte Anderson,789 So.2d 190, 195 (Ala. 2000); Ex parte Ridgeview Health CareCtr., Inc., *Page 117 786 So.2d 1112, 1116-17 (Ala. 2000). Dr. Gordon's surgical mishap indisputably occurred in a prior case, not the one before us, and is therefore outside the reach of discovery.
Lightfoot argues that § 6-5-551 applies only when a party seeks discovery about the acts or omissions of another party to the medical-malpractice action, and that the statute does not contemplate discovery concerning nonparties. Indeed, we stated inEx parte Anderson that "[i]f all conditions of the statute are met, then any other acts or omissions of the defendanthealth-care provider are exempt from discovery." 789 So.2d at 195 (emphasis added). However, while this statement seems to cover only parties, such as a defendant, the question then before us was what acts or omissions were covered, not who was covered. Fairly read, our statement in Ex parte Anderson of who was governed by the statute was mere dicta. Thus we must now confront the identity question: Section 6-5-551 prohibits parties from discovering "other acts or omissions" of whom?
The Legislature may have intended to draft § 6-5-551 to concern only actual parties, but if it did, it did not properly express this intent. The language of § 6-5-551 is inclusive, prohibiting discovery "with regard to any other act or omission" (emphasis added). As a court, we must "`enforce the statute as written by giving the words of the statute their ordinary plain meaning.'"Ex parte Pfizer, Inc., 746 So.2d 960, 964 (Ala. 1999) (quotingEx parte T.B., 698 So.2d 127, 130 (Ala. 1997)). In Ex partePfizer, decided before the Legislature amended the statute to prohibit a "party" from conducting discovery as to any other act or omission, we held that a similar prohibition on a "plaintiff" did not operate to prohibit a defendant from engaging in such discovery. 746 So.2d at 964-65. We stated that if the Legislature intended to mean a "party," "then the legislature should have used a broader term." Id. at 965. The Legislature subsequently amended the statute to say just that. Similarly here, if the Legislature intended to prohibit discovery of the acts or omissions of only a "party," it should have inserted that qualifier in the statute. And the Legislature is always free to insert such qualifying language into the statute. But that job is not for us; "it is our job to say what the law is, not to say what it should be." Ex parte Pfizer, 746 So.2d at 964. Accordingly, I conclude that the prohibition in § 6-5-551 is broad, denying a party the ability to discover "other acts or omissions" concerning any person, whether a party or not.
Because Ala. Code 1975, § 6-5-551, deems evidence concerning Dr. Gordon's acts or omissions inadmissible, all such evidence must be excluded under the command of Rule 402, Ala. R. Evid. Because the trial judge admitted this evidence, I believe he exceeded his discretion.