PER CURIAM.
 

 Gentiva Health Services, Inc. (“Genti-va”), seeks a writ of mandamus compelling the trial court to vacate its discovery order requiring Gentiva to produce the resignation letter of Tracy Chaviers, Gentiva’s codefendant. Gentiva argues that this letter is protected from discovery by § 6-5-551, Ala.Code 1975, a part of the Aabama Medical Liability Act of 1987, § 6-5-540 et seq., Ala.Code 1975. Jerry Savage, the plaintiff in the underlying action, argues that Gentiva is procedurally barred from seeking mandamus relief from this Court because it failed to file a motion for a protective order before petitioning for the writ and because its petition was not timely filed; Savage also argues that Chavi-ers’s resignation letter is not protected from discovery by § 6-5-551. For the reasons stated below, we grant the petition and issue the writ.
 

 Facts and Procedural History
 

 On June 17, 2005, Savage filed the underlying medical-malpractice action against Gentiva and Chaviers. The malpractice claim arises from the administration of home health care to Savage during follow-up treatment for a surgical procedure to remove a cyst from the back of Savage’s leg. Savage’s doctor ordered that a wound vac
 
 [1]
 
 be applied to the surgical site following the surgery. On June 25, 2004, in her capacity as a nurse and an employee of Gentiva, Chaviers went to Savage’s home to apply the wound vac. While examining Savage’s wound, Chaviers found that the wound was not open and that it could not drain. Chaviers then telephoned Savage’s doctor for instructions as to how to proceed. According to Savage, Chaviers misrepresented the doctor’s instructions and then proceeded to open the wound with a nonsterile instrument and to pack the wound with gauze. Savage further alleges that, because of Chavi-ers’s actions, on June 26, 2004, he was forced to undergo a surgical debridement of a post-operative hematoma. Savage also alleges that at a drug screening on July 9, 2004, Chaviers screened positive for amphetamine/methamphetamine use.
 

 On July 27, 2004, Chaviers resigned her employment with Gentiva and submitted a letter setting forth her purported reasons for resigning. This letter has been filed “under seal” with this Court. Although critical of Gentiva, the letter does not make any reference to Savage or to Chavi-ers’s alleged drug use. The letter does not cite any specific instance of a patient’s being injured as a result of lack of proper care.
 

 On June 17, 2005, Savage sued Gentiva and Chaviers, alleging fraud, suppression, negligence, reckless and/or wanton hiring and training, and breach of contract. Savage requested production of Chaviers’s personnel file, including any documents related to her resignation. Initially, Gentiva filed “objections and responses to [Savage’s] requests for production.” On February 22, 2006, a hearing was held on all pending discovery issues. On May 22, 2006, the trial court ordered Gentiva to produce to Savage Chaviers’s personnel file up to the date that Chaviers provided treatment to Savage and to produce to the court all other documents within her personnel file for an in camera review. On July 20, 2006, the trial court ordered Gen-tiva to produce the resignation letter to
 
 *946
 
 Savage, but the court delayed the production of the letter for 14 days “so that defendants may have an opportunity to file written objection within said time period.” On August 3, 2006, Gentiva filed a motion entitled “Motion to Reconsider Order Requiring Production of Tracy Chaviers’ ‘Termination Letter.’ ” On August 14, 2007, the trial court issued an order that denied Gentiva’s motion. The order also stated that “production of the letter shall be withheld for 42 days to afford [Gentiva and Chaviers] the opportunity to seek appropriate review of this order pursuant to [Ala. R.App. PJ Rule 21.”
 

 This petition for writ of mandamus was filed on September 21, 2007.
 

 Standard of Review
 

 “Mandamus is an extraordinary remedy and will be granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’
 
 Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala.1991). This Court will not issue the writ of mandamus where the petitioner has ‘ “full and adequate relief’ ’ by appeal.
 
 State v. Cobb,
 
 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting
 
 State v. Williams,
 
 69 Ala. 311, 316 (1881)).
 

 “Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on a discovery issue unless the trial court has clearly exceeded its discretion.
 
 Home Ins. Co. v. Rice,
 
 585 So.2d 859, 862 (Ala.1991). Accordingly, mandamus will issue to reverse a trial court’s ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.
 

 “Generally, an appeal of a discovery order is an adequate remedy, notwithstanding the fact that that procedure may delay an appellate court’s review of a petitioner’s grievance or impose on the petitioner additional expense; our judicial system cannot afford immediate mandamus review of every discovery order. See
 
 Walker v. Packer,
 
 827 S.W.2d 833, 842 (Tex.1992) (‘Mandamus disrupts the trial proceedings, forcing the parties to address in an appellate court issues that otherwise might have been resolved as discovery progressed and the evidence was developed at trial.’). In certain exceptional cases, however, review by appeal of a discovery order may be inadequate, for example, (a) when a privilege is disregarded,
 
 see Ex parte Miltope Corp.,
 
 823 So.2d 640, 644-45 (Ala.2001) (‘If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal.’) .... The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case — that is, one in which an appeal is not an adequate remedy.
 
 See Ex parte Consolidated Publ’g Co.,
 
 601 So.2d 423, 426 (Ala.1992).”
 

 Ex parte Ocwen Fed. Bank, FSB,
 
 872 So.2d 810, 813-14 (Ala.2003) (footnote omitted).
 

 The exemption from discovery offered by § 6-5-551, Ala.Code 1975, which prohibits a party in a medical-malpractice action “from conducting discovery with regard to any other act or omission,” i.e., any act or omission other than the one that allegedly renders the health-care provider liable, is treated as a privilege for purposes of determining whether in issuing the discovery order the trial court has
 
 *947
 
 disregarded a privilege, thus warranting review of the discovery order by way of a petition for a writ of mandamus.
 
 Ex parte Mendel,
 
 942 So.2d 829, 886 (Ala.2006).
 

 Discussion
 

 Gentiva contends that Chaviers’s resignation letter is protected from discovery under § 6-5-551, Ala.Code 1975, and, thus, that the trial court’s discovery order should be reviewed by a petition for a writ of mandamus. Savage responds that Gen-tiva is procedurally barred from seeking mandamus relief because, Savage alleges, Gentiva failed to file a motion for a protective order before it petitioned this Court for the writ and the petition was not timely filed. Moreover, Savage further contends that the resignation letter is not protected from discovery under § 6-5-551.
 

 In
 
 Ex parte Orkin, Inc.,
 
 960 So.2d 635 (Ala.2006), this Court “reaffirm[ed] the principle that ‘the party seeking a writ of mandamus in a discovery dispute must properly move for a protective order under Rule 26(c), Ala. R. Civ. P.[, before petitioning for the writ].’ ” 960 So.2d at 640 (quoting
 
 Ex parte CIT Commc’n Fin. Corp.,
 
 897 So.2d 296, 298 (Ala.2004)). This Court further stated that “[t]his sequencing promotes the sound policy of ‘afford[ing] the trial court the opportunity to address its alleged error before a party seeks mandamus relief from an appellate court to correct the alleged error.’ ”
 
 Orkin,
 
 960 So.2d at 640 (quoting
 
 Ex parte Reynolds Metals Co.,
 
 710 So.2d 897, 900 (Ala.1998)).
 

 The requirements regarding a protective order are set forth in Rule 26(c), Ala. R. Civ. P.:
 

 “Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition or production or inspection, the court in the circuit where the deposition or production or inspection is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. A motion for a protective order shall be accompanied by a statement of the attorney for the moving party stating that the attorney, before filing the motion, has endeavored to resolve the subject of the discovery motion through correspondence or discussions with opposing counsel or, if the opposing party is not represented by counsel, with the opposing party.”
 

 In the present case, Gentiva has sufficiently satisfied the procedural requirement of filing a motion for a protective order before it sought mandamus relief. Gentiva’s motion to “reconsider” the trial court’s order requiring production of Chaviers’s resignation letter specifically sought to prohibit discovery of Chaviers’s
 
 *948
 
 resignation letter, as protected under § 6-5-551, Ala.Code 1975, and the motion clearly afforded the trial court the opportunity to address its alleged error before Gentiva sought mandamus relief from this Court to correct the alleged error. In substance, Gentiva’s motion to “reconsider” was actually a motion for a protective order. See
 
 Pontius v. State Farm Mut. Auto. Ins. Co.,
 
 915 So.2d 557, 562-63 (Ala.2005) (noting that “[t]his Court will look at the substance of a motion, rather than its title, to determine how that motion is to be considered under the Alabama Rules of Civil Procedure”). Therefore, Gentiva filed a motion for a protective order before it petitioned this Court for the writ of mandamus; thus, Gentiva is not procedurally barred from seeking mandamus relief on the basis that it failed to file a motion for a protective order.
 

 Next, Savage argues that Gentiva’s petition to this Court was not timely filed. This argument is based on Savage’s mistaken belief that Gentiva failed to file a motion for a protective order.
 

 Rule 21(a)(3), Ala. R.App. P., provides: “The petition [for the writ of mandamus] shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of the trial court or of a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
 

 Rule 4(a)(1), Ala. R.App. P., states that appeals as of right shall be filed within 42 days of the judgment or order from which relief is sought.
 

 The presumptively reasonable time for filing a petition for writ of mandamus in a case in which a motion for a protective order has been filed begins to run on the date the trial court denies the motion.
 
 Ex parte Nationwide Mut. Ins. Co.,
 
 990 So.2d 355, 361 (Ala.2008);
 
 Orkin,
 
 960 So.2d at 640.
 

 In the present case, Gentiva’s petition for writ of mandamus was filed within 42 days of the date the trial court denied its motion to reconsider the trial court’s order requiring production of Chaviers’s resignation letter but beyond 42 days from the date the trial court issued the initial order requiring Gentiva to produce the resignation letter. As discussed earlier, Gentiva’s motion was in substance a motion for a protective order; thus, Gentiva’s petition for a writ of mandamus is timely because the presumptively reasonable time for filing the petition did not begin to run until the trial court ruled on the motion.
 

 Finally, Gentiva contends that the trial court erred in holding that § 6-5-551, Ala. Code 1975, does not protect Chaviers’s resignation letter from discovery. We agree.
 

 Section 6-5-551, Ala.Code 1975, provides:
 

 “In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, whether resulting from acts or omissions in providing health care, or the hiring, training, supervision, retention, or termination of care givers, the Alabama Medical Liability Act shall govern the parameters of discovery and all aspects of the action.
 
 The plaintiff shall include in the complaint filed in the action a detailed specification and factual description of each act and omission alleged by plaintiff to render the health care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or
 
 *949
 
 acts. The plaintiff shall amend his complaint timely upon ascertainment of new or different acts or omissions upon which his claim is based; provided, however, that any such amendment must be made at least 90 days before trial. Any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.
 
 Any party shall be prohibited from conducting discovery with regard to any other act or omission
 
 or from introducing at trial evidence of any other act or omission.”
 

 (Emphasis added.)
 

 In
 
 Ex parte Ridgeview Health Care Center, Inc.,
 
 786 So.2d 1112 (Ala.2000), this Court held:
 

 “Section 6-5-551, as amended, makes it clear that in an action against a healthcare provider, based on acts or omissions in the ‘hiring, training, supervision, retention, or termination of [the healthcare provider’s employees],’ the plaintiff is entitled only to discovery concerning those acts or omissions ‘detailed specifically] and factually] described]’ in the complaint and ‘alleged by [the] plaintiff to render the health care provider liable to [the] plaintiff.’ Thus, if the plaintiff alleges that the defendant health-care provider breached the standard of care by negligently training, supervising, retaining, or terminating an employee or by negligently entrusting an employee with an instrumentality, then the plaintiff may discover information only concerning those acts or omissions by those employees whose conduct is detailed specifically and factually described in the complaint as rendering the healthcare provider liable. Consequently, Hayes is not entitled to discovery regarding acts or omissions by Ridgeview in the hiring, training, supervising, retaining, or terminating of employees other than those employees whose acts he detailed specifically and factually described in his complaint as rendering Ridgeview liable.”
 

 786 So.2d at 1116-17; see also
 
 Ex parte Coosa Valley Health Care, Inc.,
 
 789 So.2d 208, 218 (Ala.2000) (holding that, under § 6-5-551, a nursing-home resident, who alleged that the nursing home was negligent, wanton, and/or willful and had breached a contractual duty to provide adequate hiring, training, and staffing of its personnel was not entitled to discovery regarding acts or omissions by the nursing home in hiring, training, and supervising employees other than those employees who had provided care and/or services to the resident).
 

 In the present case, the acts or omissions specifically set forth in Savage’s complaint consist of the following: (1) that Chaviers misrepresented to Savage the treatment prescribed by Savage’s doctor; (2) that Gentiva negligently hired, retained, trained, and supervised Chaviers; (3) that Chaviers failed to obtain Savage’s informed consent before she performed a medical procedure on him; (4) that Genti-va and Chaviers breached the acceptable standard of care in providing medical services to Savage; (5) that Gentiva and Chaviers breached an implied contract to provide adequate medical services to Savage; and (6) that Chaviers allegedly was using illegal drugs when she was working for Gentiva and Gentiva knew or should have known about this drug use. Chavi-ers’s resignation letter does not contain any information concerning any of the alleged acts or omissions set forth in the complaint. The letter does not make any reference to anything associated with Savage’s care, to Chaviers’s training or supervision, or to Chaviers’s alleged drug use. Furthermore, the letter does contain information regarding alleged acts or omis
 
 *950
 
 sions by Gentiva in the hiring, training, and supervising of employees other than Chaviers.
 
 [2]
 
 Therefore, based on prior decisions of this Court and a plain reading of § 6-5-551, Ala.Code 1975, we conclude that Savage is prohibited from obtaining Chaviers’s resignation letter through discovery and, thus, that Gentiva has a clear legal right to have the trial court’s discovery order vacated.
 

 Conclusion
 

 Gentiva sufficiently satisfied the procedural requirement of filing a motion for a protective order before seeking mandamus relief in this Court. Also, Gentiva’s petition for the writ of mandamus was timely filed because the presumptively reasonable time for filing the petition did not begin to run until the trial court ruled on Gentiva’s motion for a protective order. Finally, the trial court erred in holding that § 6-5-551, Ala.Code 1975, does not protect Chaviers’s resignation letter from discovery. The resignation letter does not contain information concerning any of the alleged acts or omissions set forth by Savage in the complaint. Furthermore, the letter does contain information regarding other alleged acts or omissions by Gentiva; thus, discovery of the letter is prohibited under § 6-5-551, Ala.Code 1975.
 

 PETITION GRANTED; WRIT ISSUED.
 

 COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 [1]
 

 . A wound vac is a technique of wound closure that is used to promote healing in large wounds.
 

 [2]
 

 . Without seeing the letter, Savage is under the impression that the resignation letter contains information concerning only the conduct of Chaviers and the provision of medical care to Savage. Savage’s brief at p. 18. However, the letter simply does not contain this information. As a practical matter, this petition is a dispute over the discovery of material that appears to be largely irrelevant to the underlying claims.