The Department of Mental Health and Mental Retardation ("the Department") and its commissioner, Kathy Sawyer, filed this petition for a writ of mandamus directing a judge of the Montgomery Circuit Court to vacate his order issued August 16, 2001, denying the Department and Sawyer's motion to dismiss and directing him to enter an order dismissing all claims against them in this matter. We grant the petition in part and deny it in part.
Laura Percer, as administratrix of the estate of Cynthia Ruth Shirley, deceased, brought the underlying action against the Department, Sawyer, certain employees of the Department, and a number of fictitiously named defendants. Percer's claims arise out of injuries Shirley suffered on August 8, 2000, while she was a resident at the Lurleen B. Wallace Developmental Center ("the Center") in Decatur, a facility operated by the Department. Ms. Shirley later died as a result of those injuries. *Page 810 
The style of the complaint does not indicate whether Sawyer is being sued individually or in her official capacity as commissioner. Sawyer was served with two summonses; identical complaints were attached to each. One summons was addressed to "Kathy Sawyer as Commissioner of Dept. of Mental Health and Mental Retardation"; the other was addressed to "Kathy Sawyer, Individually." The complaint in its "Statement of Parties" states that "Defendant Kathy Sawyer . . . is currently serving as the Commissioner of The Department of Mental Health and Mental Retardation and is being sued in her official capacity only, to compel the Commissioner and all future Commissioners, to perform their legal duties and to perform ministerial acts" (emphasis added).
The allegations of the complaint are 1) that fictitiously named defendant "A" assaulted Shirley; 2) that fictitiously named defendant "A" negligently caused Shirley to fall and that she hit the back of her head when she fell; 3) that Sawyer, James R. Finch (the director of the Center), and the Department negligently hired, trained, and supervised the employees of the Center; 4) that Finch, the Department, and fictitiously named defendant "B" negligently or wantonly failed to provide Shirley with comprehensive health-care services by qualified personnel; 5) that Finch, the Department, and fictitiously named defendant "B" negligently or wantonly failed to provide unimpeded access to health care; 6) that fictitiously named defendants "E" and "F" negligently or wantonly failed to have Shirley examined by a physician within a reasonable time after her injury; 7) that the Department and Sawyer failed to perform their duty to make the premises at the Center safe; and 8) that "[s]ince Commissioners serve at the pleasure of the Governor and eventually Ms. Sawyer will no longer be the Commissioner, . . . that an Order be entered against Defendant Sawyer, as the Commissioner, that would require her and all future Commissioners to perform their legal and ministerial duties."
The Department and Sawyer filed a motion to dismiss under Rule 12(b)(1), Ala.R.Civ.P., asserting lack of subject-matter jurisdiction; Rule 12(b)(2), Ala.R.Civ.P., asserting lack of personal jurisdiction; and Rule 12(b)(6), Ala.R.Civ.P., asserting that Percer failed to state a claim upon which relief may be granted. The trial court denied the motion to dismiss.
 I.
A writ of mandamus is an extraordinary form of relief. In order for this Court to issue a writ of mandamus, the petitioner must demonstrate:
 "`(1) a clear legal right . . . to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"
Ex parte Bloodsaw, 648 So.2d 553, 554 (Ala. 1994) (quoting Ex parteAlfab, 586 So.2d 889, 891 (Ala. 1991)).
 II.
This case involves the sovereign immunity of a State agency and its commissioner, in her official capacity, against an action seeking money damages and injunctive relief. The issue of immunity is jurisdictional. "This constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action." Alabama State Docks Terminal Ry. v. Lyles,797 So.2d 432, 435 (2001). Therefore, a courts failure to dismiss a case for lack of subject-matter jurisdiction *Page 811 
based on sovereign immunity may properly be addressed by a petition for the writ of mandamus. The Department, as an agency of the State of Alabama, has absolute immunity from lawsuits based upon the long-standing principle of sovereign immunity set forth in Article I, § 14, of the Alabama Constitution of 1901. Larkins v. Department of Mental Health Mental Retardation, 806 So.2d 358 (Ala. 2001); Ex parte FranklinCounty Dep't of Human Res., 674 So.2d 1277 (Ala. 1996). The courts of this State lack subject-matter jurisdiction over actions brought contrary to § 14. Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432
(Ala. 2001). Percer concedes in her brief to this Court that any claims for money damages against the Department are due to be dismissed. Likewise, Percer agrees that Sawyer, in her official capacity, is entitled to a dismissal as to claims for money damages. Percer is correct because Sawyer, in her official capacity as commissioner, is also entitled to absolute immunity pursuant to Art. I, § 14, Ala. Const. of 1901. Ex parte Butts, 775 So.2d 173 (Ala. 2000).
 III.
Percer argues, however, that she may pursue an action against the Department and against Sawyer, in her official capacity as commissioner, for injunctive relief, that is, to obtain an order requiring them to perform their legal and ministerial duties. We disagree.
Claims for injunctive relief, such as an action to compel a State official to perform his or her legal duty or to perform a ministerial act, are among a category of actions this Court has recognized as falling outside the prohibition of Art. I, § 14, of the Alabama Constitution of 1901. Aland v. Graham, 250 So.2d 677 (Ala. 1971). Nevertheless, the Department and Sawyer are entitled to dismissal under Rule 12(b)(6), Ala.R.Civ.P., for failure to state a claim upon which relief may be granted because Percer lacks standing to bring such a claim for injunctive relief.
Injunctive relief is extraordinary relief; it will not be granted "merely to allay an apprehension of a possible injury; the injury must be imminent and irreparable in an action at law." Carson v. City ofPrichard, 709 So.2d 1199, 1207 (Ala. 1998). Here Percer brings this action as the administratrix of the estate of Cynthia Ruth Shirley, who is deceased. She has no standing to seek injunctive relief because she cannot demonstrate that she, as administratrix, or the estate will suffer immediate harm if the requested relief is not granted. Further, she cannot show that she has no adequate remedy at law. Because Percer has no standing to bring her claim for injunctive relief, the Department and Sawyer, in her official capacity, are entitled to a dismissal as to the claims for injunctive relief.
 IV.
We now turn to the issue whether Percer has brought an action against Sawyer in her individual capacity. Percer acknowledges in her brief the confusion with regard to the capacity in which Sawyer has been sued. She states that she "clearly intended to sue Ms. Sawyer in her individual capacity for monetary damages . . ." (emphasis added) and that "any confusion related to the Complaint can be cleared up through an amendment, or in a pre-trial order." However, we cannot address intentions or potential future amendments to a complaint. The language of the complaint is controlling, and we must view that language in the light most favorable to Percer, the nonmovant. Counts III (there are two Counts III in the complaint) and IV of the complaint state: *Page 812 
"COUNT III
 "18. Plaintiff realleges all paragraphs of the Complaint as if set out here in full.
 "19. Defendants Sawyer, Finch and the Department of Mental Health knew that residents of their facilities were not protected by [sic] abuse by employees.
 "20. Defendants Sawyer, Finch and the Department of Mental Health knew that residents were needlessly subjected to the risk of injury, physical abuse and sexual abuse.
 "21. Defendants Sawyer, Finch and the Department of Mental Health negligently failed to correct this long-standing problem.
 "22. Defendants Sawyer, Finch and the Department of Mental Health knew that the failure to take corrective measures would likely result in the injury and harm such as that caused to Cynthia Shirley.
 "23. These negligent acts were violations of a ministerial duty and not a discretionary duty.
 "24. As a proximate result, Cynthia Shirley was subjected to an assault by Fictitious Defendant(s) `A.'
 "WHEREFORE, Plaintiff demands judgment against Defendants Sawyer, Finch and the Department of Mental Health in the amount of $5,000,000.00 plus costs.
"COUNT III [sic]
 "25. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.
 "Defendants Sawyer, Finch and the Department of Mental Health negligently failed to supervise employees of the Department of Mental Health including, but not limited to, negligently failing to inform employees of the policies and regulations; negligently failing to have supervisors properly train employees; negligently failing to require employees to follow the policies and regulations; and negligently allowing employees to abuse residents and negligently failing to monitor residents.
 "27. During Defendant Sawyer's tenure as Commissioner of the Department of Mental Health and during Defendant Finch's employment as Director of the Center, the Department of Mental Health had developed a very lax policy related to employee's carrying out ministerial duties and following set policies and procedures, especially at the Center.
 "28. Defendants Sawyer, Finch and the Department of Mental Health allowed employees to violate rules and regulations.
 29. Defendants Sawyer, Finch and the Department of Mental Health knew that employees were not following rules and regulations.
 "30. Defendants Sawyer, Finch and the Department of Mental Health knew that the staffing at the Center was insufficient to enable adequate habilitation, monitoring and care for residents, and to ensure safety of residents, including Cynthia Shirley.
 "31. Despite Federal Court Orders, Defendants Sawyer, Finch and the Department of Mental Health have refused to adequately staff, train and supervise employees.
 "32. As a proximate result, one or more of Fictitious Defendants `A' *Page 813 
through `F' callously neglected to follow procedure.
 "33. As a proximate result, Cynthia Shirley sustained injuries from which she died.
 "WHEREFORE, Plaintiff demands judgment against Defendants Sawyer, Finch and the Department of Mental Health in the Amount of $5,000,000.00 plus costs.
"COUNT IV
 "34. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.
 "35. Before Cynthia Shirley's death, Defendant Sawyer knew that patients at the various Department of Mental Health facilities were in danger of physical injuries and death and in fact was aware of numerous incidents of injuries and death caused by employees of the Department failing to follow written policies and procedures.
 "36. Before Cynthia Shirley's death, Defendant Sawyer knew from various court cases including [Wyatt v. Sawyer, 105 F. Supp.2d 1234 (M.D.Ala. 2000)] that the Department of Mental health did not adequately hire, train or supervise employees and consequently, that patients at the various mental health facilities were in danger of physical injuries and death.
 "37. Before Cynthia Shirley's death, Defendant Sawyer knew that mental health workers were underpaid and overworked and has made no effort to see that the mental [sic] workers were adequately paid so as to insure competency.
 "38. Defendant Sawyer has negligently failed to follow Court orders and standards with respect to running the Department of Mental Health.
 "39. Defendant Sawyer's conduct as alleged above, were violations of ministerial duties and not discretionary duties.
 "WHEREFORE, Plaintiff demands judgment against Defendant Sawyer in the amount of $5,000,000.00."
Despite other language in the complaint, these portions of the complaint, when read in a light most favorable to Percer, undoubtedly state claims against Sawyer in her individual capacity. We find that the language of the complaint is determinative. Based upon the plain language of the complaint, we conclude that Sawyer is being sued not only in her official capacity as commissioner, but also in her individual capacity.
 V.
We turn now to the propriety of the trial court's refusal to dismiss those claims against Sawyer that we have determined were brought against Sawyer in her individual capacity. While Sawyer argues vigorously that Percer sued her only in her official capacity, she asserts that even if she was sued in her individual capacity, as we have determined she was, she is entitled to a dismissal in her individual capacity on grounds of State-agent immunity. Percer argues that Sawyer, in her individual capacity, is not entitled to a dismissal under Rule 12, Ala.R.Civ.P., on grounds of qualified *Page 814 
immunity or State-agent immunity as that doctrine has been established by this Court in Ex parte Butts, 775 So.2d 173 (Ala. 2000), and Ex parteCranman, 792 So.2d 392 (Ala. 2000). She notes that no discovery has been conducted in this case, and she argues that the Department's petition for the writ of mandamus is premature. We agree that a motion to dismiss is typically not the appropriate vehicle by which to assert qualified immunity or State-agent immunity and that normally the determination as to the existence of such a defense should be reserved until the summary-judgment stage, following appropriate discovery. "`[I]t is the rare case involving the defense of [State-agent] immunity that would be properly disposed of by a dismissal pursuant to Rule 12(b)(6), [Ala.R.Civ.P.].'" Ex parte Butts, 775 So.2d at 177, quoting Patton v.Black, 646 So.2d 8, 10 (Ala. 1994) (quoting earlier cases).
In Ex parte Butts, this Court addressed the appropriateness of the dismissal of claims alleging negligence and wantonness against Jimmy Butts, who was then the Commissioner of the Alabama Department of Transportation. Commissioner Butts, like Sawyer, was the administrative head of a State agency, a cabinet-level position. He was sued in his official and individual capacities. The plaintiff in that case, which involved a bridge collapse in which two people were killed, made claims against Commissioner Butts alleging negligence and wantonness relating to the use of certain personnel to demolish the bridge; negligence or wantonness for failure to halt the demolition; and negligence or wantonness relating to training and supervising the personnel assigned to the bridge project. Those claims are similar to those Percer makes against Sawyer in her individual capacity. Justice Lyons, writing for a majority of the Court in Butts, in addressing the claims made against Butts in his individual capacity, stated:
 "[I]f any employee failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist, or acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law, then it is possible that that employee would not be entitled to State-agent immunity. As this Court stated in Patton, `[i]t is not for this court to determine, based on the complaint, whether the plaintiff will ultimately prevail, but only if he may possibly prevail.' 646 So.2d. at 10. It is conceivable that the families could prove facts that would show one or more of the employees failed to discharge duties pursuant to a checklist or acted willfully, maliciously, fraudulently, in bad faith, beyond his authority or under a mistaken interpretation of the law. If so, the families `may possibly prevail' on their claims. Therefore, the trial court properly denied the employees' motion to dismiss the claims stated against them in their individual capacities."
775 So.2d at 178.
The claims against Sawyer that we have determined are made against her in her individual capacity are fact intensive. Sawyer's Rule 12(b) motion to dismiss is premature with regard to these claims. No discovery has been conducted in this case. After the parties have had the opportunity to conduct discovery, Sawyer will have the opportunity to seek a summary judgment on the ground that she is entitled to State-agent immunity. The trial judge did not err in denying the motion to dismiss as to the claims made against Sawyer in her individual capacity based on a defense of State-agent immunity at this stage of the proceedings.
 VI.
The Department and Sawyer, in her official capacity as commissioner, have demonstrated a clear legal right to dismissal of all existing claims against them. Accordingly, we direct the trial court to grant the Department and Sawyer's motion to dismiss as to the Department and Sawyer in her official capacity. Sawyer, however, has failed to demonstrate, at this stage of *Page 815 
this case, a clear legal right to a dismissal of the claims made against her in her individual capacity. Therefore, we deny that portion of the relief requested by Sawyer.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
Moore, C.J., and Houston, See, Lyons, Brown, Johnstone, Harwood, and Woodall, JJ., concur.