Anna Belle NEWMAN, etc.,
et al., Plaintiffs,

v.

**BRIDGESTONE/FIRESTONE NORTH AMERICANTIRE, LLC., et al., Defendants.**

**No. CIV.A.03–0182–BH–M.**

United States District Court,
S.D. Alabama.
Southern Division.

June 25, 2003.

---

**2.** No other grounds for dismissal have been raised as to the claims for violation of § 2511.

**1290**

Gregory B. Breedlove, Toby D. Brown, David G. Wirtes, Jr., Cunningham, Bounds, Yance, Crowder & Brown, Mobile, AL, for Plaintiffs.

Brittin T. Coleman, Bradley, Arant, Rose & White, Birmingham, AL, J. Michael Druhan, Jr., Johnston Druhan, LLP, James C. Johnston, Jason Kirk Hagmaier, Johnston Druhan, LLP, Mobile, AL, Kenneth Martin Perry, Bradley, Arant, Rose & White, Birmingham, AL, Jim R. Ippolito, Jr., Gilda Branch Williams, Department of Transportation State of Alabama Legal Division, Montgomery, AL, for Defendants.

### ORDER

HAND, Senior District Judge.

This action is before the Court on plaintiffs' motion to remand (Docs. 5 and 6), as supplemented (Doc. 17). Also pending before the Court is a motion to dismiss (Docs. 14 and 15) filed by defendants Vince Calametti, Jay Palmer, and R.F. Poiroux, who are employees of the Alabama Department of Transportation ("ALDOT"). Finally, there is pending a motion (Doc. 16) filed by the plaintiffs to strike the response (Doc. 13) filed by the ALDOT defendants, Calametti, Palmer and Poiroux, in opposition to plaintiffs' motion to remand.

What is essentially at issue at this juncture of the litigation is the viability of plaintiff's claims against the ALDOT defendants, namely Calametti, Palmer and Poiroux. In other words, is there *"even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998)(emphasis in original). If not, then the removal by defendant Bridgestone/Firestone North America Tire, LLC ("Firestone") was proper because the State-agent defendants were fraudulently joined and jurisdiction remains in this Court with the appropriate dismissal of the ALDOT defendants. If the plaintiffs have stated even a possible claim against the State-agent defendants, this action must be remanded without further consideration of the ALDOT employee's motion to dismiss.

The ALDOT employees argue that plaintiffs' claims are asserted against them only in their official capacities and are therefore barred by the Eleventh Amendment as well as Article Im § 14 of the 1901 Alabama Constitution. ALDOT Opposition Brief (Doc. 13) at 2. Firestone similarly argues that plaintiff's claims against the ALDOT employees are official capacity claims and that the ALDOT employees "are fraudulently joined because they are immune from liability for the claims alleged in Count Six and Seven of Plaintiff's Complaint." Firestone Opposition Brief (Doc. 11) at 2. It is, however, undisputed that the Complaint does not explicitly state whether the ALDOT defendants are being sued in their official or individual capacities. Thus, Firestone further argues that,

"even assuming that Plaintiff's Complaint could be construed as stating claims against the ALDOT employees in their individual capacities, such claims are barred by the discretionary function doctrine of a state employee's claim of sovereign immunity." *Id.* at 3, *citing, Ex parte Davis,* 721 So.2d 685, 689 (Ala.1998).

Although the ALDOT employees may ultimately prevail on their immunity issue, this Court cannot say with certainty that such is true. The Court is first satisfied that the Alabama courts would likely hold that the plaintiff's claims are asserted against the ALDOT employees in their individual as well as official capacities, despite plaintiff's failure to assert in the Complaint any distinction between ministerial or discretionary conduct. *Cf., Ex parte Alabama Dept. of Mental Health and Mental Retardation,* 837 So.2d 808 (Ala.2002), and *Ex parte Butts,* 775 So.2d 173 (Ala.2000). In the Alabama Department of Mental Health case, the Alabama Supreme Court found that the State-agent, namely Kathy Sawyer as Commissioner of the Department, was sued in her individual capacity despite plaintiff's failure to indicate the capacity in her complaint. The Alabama Supreme Court did not state that its conclusion was based upon any allegation that the conduct was ministerial versus discretionary, as argued by Firestone in the case at bar, but, rather, on the fact that the negligence and wantonness claims were similar to those asserted in the *Butts,* a case in which the plaintiff clearly sued the ALDOT employees in both their official and individual capacities. 837 So.2d at 814. Consequently, this Court cannot say with any certainty that the Alabama courts will conclude that plaintiff's claims in the case at bar are merely official capacity claims barred by sovereign immunity.

The issue then becomes whether the State-agent is entitled to immunity in his/her individual capacity. In the Department of Mental Health case, after concluding that Sawyer was being sued in her individual capacity, the Alabama Supreme Court emphasized:

> [A] motion to dismiss is typically not the appropriate vehicle by which to assert qualified immunity or State-agent immunity and that normally the determination as to the existence of such a defense should be reserved until the summary-judgment stage, following appropriate discovery. " '[I]t is the rare case involving the defense of [State-agent] immunity that would be properly disposed of by a dismissal pursuant to Rule 12(b)(6), [Ala. R. Civ. P.].' " *Ex parte Butts,* 775 So.2d at 177, *quoting Patton v. Black,* 646 So.2d 8, 10 (Ala. 1994) (quoting earlier cases).

837 So.2d at 813–14. In the earlier *Butts* case, the Alabama Supreme Court made it abundantly clear that such issues as State-agent immunity could only be decided after the parties were given an opportunity to conduct discovery and presented same in a motion for summary judgment. *Butts,* 775 So.2d at 178. Specifically, the Alabama Supreme Court held:

> It is conceivable that the families could prove facts that would show that one or more of the employees failed to discharge duties pursuant to a checklist or acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law. If so, the families "may possibly prevail" on their claims. Therefore, the trial court properly denied the employees' motion to dismiss the claims stated against them in their individual capacities.
>
> After the parties have had the opportunity to conduct discovery, the employees will have the opportunity to seek a summary judgment on the ground that they are entitled to State-agent immunity.

775 So.2d at 178. *Cf., Ex parte Hayles,* 852 So.2d 117, 2002 WL 31664484 (Ala.2002)(restated the above quoted premise in *Butts* and concluded, upon examination of all the evidence of record, that "nothing before us indicates that [the defendant ALDOT employees] exceeded the scope of [their] authority ... [the such ALDOT employees] have established that they are entitled to State-agent immunity.").

It is, therefore, conceivable that the Alabama courts could determine that the Complaint filed in this action asserts claims against the ALDOT employees in their individual capacities and that these defendants are not entitled to State-agent immunity under the standard set forth in *Ex parte Cranman,* 792 So.2d 392, 405 (Ala.2000), namely:

A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's

(1) formulating plans, policies, or designs; or

(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

(a) making administrative adjudications;

(b) allocating resources;

(c) negotiating contracts;

(d) hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

**Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity**

(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

(2) **when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.**

*Cranman,* 792 So.2d at 405 (emphasis added).

It is therefore **ORDERED** that plaintiff's motion to remand be and is hereby **GRANTED** but that plaintiff's motion to strike be and is hereby declared **MOOT**. The ALDOT defendants' motion to dismiss is appropriately left to the state court. The Clerk of this Court is hereby directed to take such steps as are necessary to transfer this action to the Circuit Court of Mobile County from whence it was removed.