[1] When this action was filed, Bill Fuller, then commissioner of the State Department of Human Resources, was named as a defendant in his official capacity. Bill Fuller no longer holds the office of commisioner; Page B. Walley currently holds that office. Rule 25(d)(1), Ala. R. Civ. P., provides:
 "When a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party, but any misnomer not affecting the substantial rights of the parties shall be disregarded."
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1174 
This case, which alleges employment discrimination and wrongful transfer, involves issues of sovereign immunity.
 I. Background
In 1998, Laura Johnson-Price was appointed director of the Calhoun County Department of Human Resources ("the Calhoun County DHR"). She alleges that the Calhoun County DHR tried to prevent her from becoming the director of that agency, but that despite its efforts she acquired the director's position by appointment because she had the highest ranking among all eligible candidates in the State merit system. Before becoming the director of the Calhoun County DHR, she had served as the assistant director of the Calhoun County DHR. While she was assistant director, she filed a complaint with the Alabama Department of Human Resources ("DHR"), alleging racial discrimination and discrimination based on her opposition to an allegedly unlawful discriminatory employment practice by the then director of the Calhoun County DHR, Erin Snowden. Johnson-Price had also filed complaints with the Calhoun County DHR, former DHR commissioner Martha Nachman, and Nachman's predecessor, acting DHR commissioner P.L. Corley.
Erin Snowden retired as the director of the Calhoun County DHR effective September 1, 1996. On October 4, 1996, the director of the civil rights and equal employment division of DHR issued a detailed letter of determination, finding: (1) that Snowden had retaliated against Johnson-Price in several respects; (2) that the board of directors of the Calhoun County DHR knew or should have known of Snowden's retaliatory treatment of Johnson-Price; (3) that the chairman of the Calhoun County DHR board, Melissa Truit, had "acted in concert" with Snowden in carrying out the retaliatory acts against Johnson-Price; (4) that the commissioner of DHR at the time of the retaliatory acts, Martha Nachman, and her predecessor, P.L. Corley, having knowledge of the discrimination against Johnson-Price, took "steps and made recommendations they believed to be reasonably calculated to eliminate and remedy the effects of the discriminatory retaliatory treatment" but that those steps were "rendered ineffective due to limitation placed on their authority to control or prohibit the conduct of Snowden." The remedy recommended by DHR's civil rights and equal employment division was to purge Johnson-Price's files of certain appraisal reports completed by Snowden and to prevent any future director of the Calhoun County DHR from retaliating against Johnson-Price. No determination was made on Johnson-Price's racial-discrimination claim. *Page 1175 
About two years after the letter of determination was released, Johnson-Price was appointed director of the Calhoun County DHR. While serving as the director, Johnson-Price continually received outstanding employment evaluations. The evaluations were at a level of either "exceeding" the expectations of DHR and the board of directors of the Calhoun County DHR or "consistently exceeding" their expectations. Notwithstanding these evaluations, Johnson-Price was transferred from her position as director of the Calhoun County DHR to the position of quality-control consultant to DHR ("consultant"). Her new position required a change in her workplace to a location approximately 70 miles from her former office.
After Johnson-Price was transferred to the consultant position, which she regards as a demotion, she sought legal counsel; she wanted a hearing to review the transfer. State personnel director Thomas Flowers advised Johnson-Price by letter dated November 24, 2003, that, because she had been transferred to another position in accordance with Ala. Admin. Code (State Personnel Dep't) Regulation 670-X-9-.04, she was not entitled to a hearing. Larry Sims, director of DHR's civil rights and equal employment division, reiterated the same conclusion in response to a complaint filed by Johnson-Price on November 7, 2003.
On December 3, 2003, Johnson-Price filed in the Montgomery Circuit Court a petition for a common-law writ of certiorari against DHR, the Calhoun County DHR, the State personnel department, and Bill Fuller,[3] then commissioner of DHR, and Flowers, in their official capacities.[4] She alleged, in pertinent part:
 "18. Following her 1998 appointment as Calhoun County [DHR] Director by [the Calhoun County DHR], [Johnson-Price] enjoyed outstanding employment appraisals, each of which reflected that she either exceeded the expectations of [the Calhoun County DHR] and [DHR] or she consistently exceeded the expectations of the [Calhoun County DHR] and [DHR] in performing her assigned duties.
 "19. Those ratings indicated to [Johnson-Price], as it would to any reasonable person, that her job performance was satisfactory and consistent with [the Calhoun County DHR]'s and [DHR]'s expectations for her job performance.
 "20. Notwithstanding [Johnson-Price]'s proficiency in performing her job as [the] Calhoun County DHR director, ever since [Johnson-Price]'s appointment as Calhoun County DHR director, the [Calhoun County DHR] Board has continued to mistreat [Johnson-Price].
 "21. [The Calhoun County DHR] Board's mistreatment of [Johnson-Price] included, but was not limited to the following: (1) publicly questioning [Johnson-Price]'s truthfulness and veracity without any justification; (2) engaging in conduct to demean and undermine [Johnson-Price] in the eyes of subordinate employees; (3) forbidding [Johnson-Price] from bringing subordinate employees to [the Calhoun County DHR] Board meetings to assist [Johnson-Price] where said employees' *Page 1176 
presence was often necessary for an efficient exchange between [Johnson-Price] and [the Calhoun County DHR] Board; and (4) routinely withholding, until the day of the meeting, notification of [the Calhoun County DHR] Board meetings which [Johnson-Price] was required to attend and make reports to the [Calhoun County DHR] Board.
 "22. On information or belief, acting in concert with [the Calhoun County DHR] Board, around October 2003, [DHR Commissioner] Fuller or his agents directed the creation of the position of Quality Control Program Consultant with [DHR].
 "23. On information or belief, said position was created solely for the purpose of displacing [Johnson-Price] from her position as [Calhoun County DHR] director.
 "24. On information or belief, thereafter, on October 31, 2003, Defendants used the Merit System's transfer provisions codified in § 36-26-24 [Ala. Code 1975] as a pretext or ruse to remove [Johnson-Price] from her position as director of [the Calhoun County DHR] where no merit based reason existed to justify [Johnson-Price]'s removal.
 "25. Defendants directed that effective November 15, 2003, [Johnson-Price] was transferred to a position with [the DHR] Quality Control Unit, located in Birmingham, Alabama, a distance which is approximately seventy (70) miles from [Johnson-Price]'s current office.
 "26. Defendants' pretextual [Johnson-Price] violates the rule of Personnel Dept. See Ala. Admin. Code R [This rule prohibits discrimination person in `recruitment, examination, training, promotion, retention or personnel action' because of `race, sex, national origin, age, handicap, or any other nonmerit factor.']
 ". . . .
 "28. At all relevant times, dating back to October 4, 1996 when [DHR]'s director of [the] Civil Rights and Equal Employment division issued a letter of determination finding that [the Calhoun County DHR] Board acted in concert with the former Calhoun County director, [Erin] Snowden, to engage in retaliatory acts against [Johnson-Price], the composition of [the Calhoun County DHR] Board has remained essentially unchanged. Only two of the seven[5] [Calhoun County DHR] Board members are new.
 "29. The Defendants' removal and displacement of [Johnson-Price] from her position as Calhoun County [DHR] director to the newly created position of consultant is a continuation of [the Calhoun County DHR] Board's historical mistreatment of [Johnson-Price].
 "30. Moreover, Defendants' pretextual transfer of [Johnson-Price] violates the transfer provision of § 36-26-24 [Ala. Code 1975] which mandates that a person can only be transferred to a position from one department to another in the same class.
 "31. The duties and responsibilities of the position which was created for [Johnson-Price], that of Quality Control Program Consultant, is in no way comparable to [Johnson-Price]'s position of [Calhoun County DHR] director."
In her petition to the trial court, Johnson-Price requested a preliminary injunction *Page 1177 
enjoining her removal as director of the Calhoun County DHR and her transfer to the position of consultant while the case is pending.[6] She also requested a judgment declaring (1) that the defendants were in violation of State statutes and administrative rules for removing her from. her position as director and transferring her to the position of consultant, and (2) that the defendants had acted arbitrarily and capriciously in transferring her. Johnson-Price sought "such other further, different or additional relief as [this] Honorable Court may deem just and proper, including but not limited to, an award of attorney's fees."
On December 31, 2003, the defendants filed a motion to dismiss, or, in the alternative, for a summary judgment. In their motion, they argued, among other things, that they were entitled to State and State-agent immunity. On March 3, 2004, Johnson-Price amended her petition to include, as additional defendants, the individual members of the board of directors of the Calhoun County DHR, in their official capacities, and Page Walley, the newly appointed DHR commissioner.[7] On March 11, 2004, the trial court held a hearing on, and subsequently denied, the defendants' motion.
On March 22, 2004, the defendants filed a motion with the trial court, seeking a certification for permission to appeal its denial of their motion pursuant to Rule 5(a), Ala. R.App. P. After refusing to certify the order for a permissive appeal, the court set a trial date of April 12, 2004. The defendants filed a petition for writ of mandamus with the Court of Civil Appeals, and, on March 30, 2004, the Court of Civil Appeals stayed the trial court's proceedings, pending its consideration of the defendants' petition.
On September 24, 2004, the Court of Civil Appeals granted the defendants' petition for writ of mandamus to the extent that it sought a writ directing the circuit court to dismiss DHR, the Calhoun County DHR, and the State personnel department as defendants in the action, based on the sovereign immunity of State agencies. As to the individual defendants, the Court of Civil Appeals denied the petition, holding that Johnson-Price's claims against the State officers in their official capacities are not barred by § 14, Ala. Const.1901. Ex parte StateDep't of Human Res., [Ms. 2030570, Sept. 24, 2004]950 So.2d 1165 (Ala.Civ.App. 2004).
On October 8, 2004, Walley, in his capacity as commissioner of DHR; and Flowers, in his official capacity as State personnel director; and the "Calhoun County board of the DHR," petitioned this Court for a writ of mandamus pursuant to Rule 21(e), Ala. R.App. P., directing the Court of Civil Appeals to order the Montgomery Circuit Court to grant their motion to dismiss or, in the alternative, for a summary judgment as to every claim in Johnson-Price's complaint, based upon the doctrine of sovereign immunity, and ordering the court to dismiss the complaint in its entirety as to *Page 1178 
all current defendants and any other defendants whom Johnson-Price may have added or may subsequently add to her complaint. The petitioners further requested that this Court address the immunity of the individual board members in any opinion this Court may issue regarding the matter. We decline to address the issue of the immunity of the individual board members at this time.
On December 16, 2004, this Court ordered answer and briefs in response to the petition. In their briefs submitted to this Court, the petitioners do not dispute most of the facts alleged by Johnson-Price. They do, however, present the following additional facts. They state that the consultant position to which Johnson-Price was transferred was not newly created to facilitate Johnson-Price's removal as director of the Calhoun County DHR; rather, they state that the consultant position existed, at a minimum, in the early 1990s. It was, they say, held for many years by Darlene Collins (a former director of the Macon County DHR) until she retired in 2002, and it was vacant from 2002 until Johnson-Price's transfer to the position in 2003. The petitioners also claim that Johnson-Price was advised at the time of the transfer that a consultant position was also open in Rainbow City. They further state that Johnson-Price reported to her new position on March 4, 2004, that she is performing her duties as consultant in a satisfactory manner, and that the position of Calhoun County DHR director has been filled.
 II. Standard of Proof "`A writ of mandamus is an extraordinary form of relief.' Ex parte Alabama Dep't of Mental Health Mental Retardation, 837 So.2d 808, 810
(Ala. 2002). `[A] writ [of mandamus] will issue only upon a showing of "(a) a clear legal right in the petitioner to the order sought, (b) an imperative duty upon the respondent to perform, accompanied by a refusal to do so, (c) the lack of another adequate remedy, and (d) the properly invoked jurisdiction of the court."' Ex parte Puccio, 923 So.2d 1069, 1072 {Ala. 2005) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala. 2001))."
Ex parte City of Tuskegee, 932 So.2d 895, 900
(Ala. 2005).
This Court has further held in Ex parte Blankenship,893 So.2d 303, 305 (Ala. 2004), that "mandamus will he to compel the dismissal of a claim that is barred by the doctrine of sovereign immunity."
 III. Analysis
The primary issue in this case is whether the individual defendants, who were sued in their official capacities, are immune from liability in Johnson-Price's action under Art. I, § 14, Ala. Const.1901. Article I, § 14, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." The courts have construed this provision to mean that the State of Alabama and its agencies are immune from suit in any court. Ex parte Franklin CountyDep't of Human Res., 674 So.2d 1277 (Ala. 1996). The provision "affords the State and its agencies an `absolute' immunity from suit in any court." Haley v. BarbourCounty, 885 So.2d 783, 788 (Ala. 2004). This absolute immunity extends to the State's agencies. Ex parteTuscaloosa County, 796 So.2d 1100, 1103 (Ala. 2000). In its opinion in this case, the Court of Civil Appeals recognized that DHR, the Calhoun County DHR, and the State personnel department are State agencies entitled to § 14 immunity and therefore ordered that they be dismissed from the action. 950 So.2d at 1177.
Regarding immunity for State officers who are sued in their official capacities, this Court has held that the wall of immunity "erected by § 14 is nearly impregnable." *Page 1179 Patterson v. Gladwin Corp., 835 So.2d 137, 142
(Ala. 2002). In Williams v. John C. Calhoun CommunityCollege, 646 So.2d 1, 2 (Ala. 1994) (quoting Phillips v.Thomas, 555 So.2d 81, 83 (Ala. 1989)), this Court also held that a State officer sued in his or her official capacity is "`absolutely immune from suit when the action is, in effect, one against the state.'" Furthermore, in Mitchell v. Davis,598 So.2d 801, 806 (Ala. 1992) (citing Milton v. Espey,356 So.2d 1201 (Ala. 1978)), this Court held that § 14 not only prohibits a suit against the State, but also prohibits a plaintiff from indirectly suing the State by suing a State officer or employee in his or her official capacity when "a result favorable to the plaintiff would directly affect a contract or property right of the State."
However, our courts have recognized several exceptional situations in which an action against a State official in his or her official capacity is not prohibited by § 14:(1) a case in which the plaintiff seeks a judgment declaring that the State officer has acted "willfully, maliciously, illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law," Phillips v.Thomas, 555 So.2d 81, 83 (Ala. 1989); (2) an action against a State officer seeking to compel the performance of a legal duty, enjoin the enforcement of an unconstitutional law, or compel performance of a ministerial act, Patterson,835 So.2d at 142; Aland v. Graham, 287 Ala. 226, 229,250 So.2d 677, 679 (1971); and (3) an action against a State officer brought under the Declaratory Judgments Act, Ala. Code 1975, § 6-6-220 et seq., "`seeking construction of a statute and how it should be applied in a given situation.'"Patterson, 835 So.2d at 142 (quoting Aland,287 Ala. at 230, 250 So.2d at 679).
In determining whether an action against a State officer is barred by § 14 or falls within one of the exceptions to the § 14 bar, "the Court considers the nature of the suit or the relief demanded, not the character of the office of the person against whom the suit is brought." Ex parte Carter,395 So.2d 65, 67-68 (Ala. 1980).
Johnson-Price claims that her transfer was discriminatory, in violation of Ala. Code 1975, § 36-26-24, and Ala. Admin. Code (State Personnel Dep't.) Regulation 670-X-4-.01, and seeks, among other things: (1) a judgment declaring that the decision to transfer her to the position of consultant violated State statutes and regulations; (2) a "preliminary injunction to enjoin Defendants from taking any action adverse to the employment of . . . [Johnson-]Price as director of the Calhoun County DHR"; and (3) attorney fees and costs.
As to the attorney fees and costs, the Alabama Constitution prohibits a court from ordering the State to pay an award of attorney fees. Ex parte Town of Lowndesboro, [Ms. 1041071, May 12, 2006] 950 So.2d 1203 (Ala. 2006).
However, in seeking a declaratory judgment and an injunction, the whole thrust of Johnson-Price's claim is that she should be re-transferred to her former position as director of the Calhoun County DHR because, she argues, she was illegally transferred from that position to her current position as consultant. Because a holding in favor of Johnson-Price would ultimately result in her reinstatement as the director of the Calhoun County DHR, the relief she seeks in the circuit court falls within the well-recognized exceptions to immunity granted by § 14. See House v. Jefferson State Cmty. Coll.,907 So.2d 424, 427-28 (Ala. 2005); Matthews v. Alabama Agric. Meek Univ., 787 So.2d 691, 698 (Ala. 2000); Starkv. Troy State Univ., 514 So.2d 46, 50 (Ala. 1987); Exparte McLeod, *Page 1180 718 So.2d 682, 684 (Ala. 1997); and Rigby v. Auburn Univ.,448 So.2d 345 (Ala. 1984).
 IV. Conclusion
Because the relief sought falls within the exceptions to the immunity afforded the State officers by § 14, we conclude that the Court of Civil Appeals was correct in ruling that § 14 immunizes the State and its agencies from Johnson-Price's action but does not immunize the individual State officers and agents from this action. We express no opinion as to the merits of Johnson-Price's claims or whether she will ultimately prevail.
The petition for the writ of mandamus is denied.
[3] While this litigation was pending. Fuller retired and Page Walley was appointed as the new commissioner of DHR. Walley was automatically substituted for Fuller as a party in this action pursuant to Rule 25(d), Ala. R. Civ. P.
[4] Johnson-Price did not sue Fuller and Flowers in their individual capacities.
[5] Johnson-Price refers to seven members of the board of directors of the Calhoun County DHR, but in her March 3, 2004, amendment to her complaint she named only six she wanted added as defendants: Melissa Copeland, Keith Word, Marvine Stroud, Tommie Gardner, Lynn Gillam, and Larry Deason.
[6] When the petition was filed in the trial court, Johnson-Price had not yet reported to her new position of consultant. She did not report to this position until three months after she filed the petition. Thus, her request to enjoin was not improper.
[7] Although Page Walley was automatically substituted for Bill Fuller when the latter retired, we are unsure of the status of the members of board of the Calhoun County DHR named in Johnson-Price's amended complaint: Melissa Copeland, Keith Word, Marvine Stroud, Tommie Gardner, Lynne Gillam, and Larry Deason. Johnson-Price requested leave to add them as defendants, but we have no indication in the materials before us on this petition for the writ of mandamus as to whether the trial court granted or denied that request.
PETITION DENIED.
SEE, LYONS, HARWOOD, WOODALL, STUART, and BOLIN, JJ., concur.
NABERS, C.J., dissents.