BRYAN, Judge.
The Alabama State Board of Chiropractic Examiners (“the Board”) and its individual members, Carl E. Nelson, D.C.; Gilíes X. Beaumont, D.C.; Jerry L. Schreiner, D.C.; Ronald F. Ivie, D.C.; Robert Brian Wells, D.C.; Paula D. Gilliam, D.C.; Merritt G. Lett, D.C.; and Jeanett A. Green (“the Board members”) petition this court for a writ of mandamus directing the trial court to grant their motion to dismiss or, in the alternative, for a summary judgment with respect to the action filed against them by John Sparks, D.C.; Todd Sayers, D.C.; and Donovan S. Harper, D.C. (“the plaintiffs”). The Board and the Board members claim that we should issue the writ of mandamus because, they say, the Board and the Board *224 members are entitled to immunity, the plaintiffs lack standing to bring the action, and the plaintiffs’ claims have no merit. We grant the petition in part, deny the petition in part, and issue the writ.
The Board, which was created by the Alabama Legislature, § 34-24-140, Ala. Code 1975, is authorized to control the licensing of chiropractors, § 34-24-161, and is charged with regulating the chiropractic profession, § 34-24-166. Mooneyham v. State Bd. of Chiropractic Exam’rs, 802 So.2d 200, 204 (Ala.2001). The plaintiffs, all of whom are chiropractors, sued the Board and the Board members in their official capacities only, claiming that the Board’s rules governing advertising by chiropractors were unconstitutional and seeking the following relief:
“40. Pursuant to Rule 65 of the Alabama Rules of Civil Procedure, the plaintiffs request this Court to set the matter for a hearing and upon such hearing grant unto them a preliminary injunction enjoining the Board from enforcing its advertising rules until a trial can be had in this cause.
“41. Further, the plaintiffs request this Court to issue a permanent injunction barring the Board from enforcing the advertising rules until they are amended to remove the uncertainty of what chiropractors can advertise and allowing the use of common place words that are used in everyday advertising across Alabama and the rest of the United States.
“42. Upon a trial of this cause, the plaintiffs request a declaratory judgment against the defendants holding the Board’s advertising rules unconstitutional or unconstitutionally applied to the plaintiffs.
“43. The plaintiffs also respectfully request, pursuant to Code of Alabama 1975, Section 6-6-231 attorneys’ fees and costs and point out to the Court that they have shouldered the burden for many other chiropractors across the state of Alabama.”
The Board and the Board members filed a motion to dismiss, or, in the alternative, for a summary judgment based on the grounds, among others, (1) that the Board and the Board members were entitled to immunity, (2) that the plaintiffs lacked standing to bring the action, and (3) that the complaint failed to state a claim upon which relief could be granted. The trial court denied that motion. Thereafter, the Board and the Board members petitioned the supreme court for a writ of mandamus directing the trial court to grant their motion to dismiss or, in the alternative, for a summary judgment. Concluding that the petition for a writ of mandamus was within this court’s jurisdiction, the supreme court transferred the petition to this court. We ordered the filing of an answer and briefs and stayed the trial court’s proceedings, pending our consideration of the petition.
A party seeking a writ of mandamus “must demonstrate: ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ ” Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761 (Ala.2002) (quoting Ex parte Ridgeview Health Care Ctr., Inc., 786 So.2d 1112, 1115 (Ala.2000)).
The issue whether a defendant is entitled to State immunity under Article I, § 14, Ala. Const. of 1901, is jurisdictional. Ex parte Alabama Dep’t of Mental Health & Mental Retardation, 837 So.2d 808, 810 (Ala.2002).
“ ‘This constitutionally guaranteed principle of sovereign immunity, acting as a jurisdictional bar, precludes a court from *225 exercising subject-matter jurisdiction. Without jurisdiction, a court has no power to act and must dismiss the action.’ Alabama State Docks Terminal Ry. v. Lyles, 797 So.2d 432, 435 ([Ala.] 2001). Therefore, a court’s failure to dismiss a case for lack of subject-matter jurisdiction based on sovereign immunity may properly be addressed by a petition for the writ of mandamus.”
Ex parte Alabama Dep’t of Mental Health, 837 So.2d at 810.
Accordingly, although the Board and the Board members primarily argue that they are entitled to a writ of mandamus based on types of immunity other than State immunity under Art. I, § 14, we first consider whether the Board and the Board members are entitled to a writ of mandamus based on State immunity under Art. I, § 14.
“[T]he Board is a State agency and, consequently, is entitled to [Art. I,] § 14 immunity.” Mooneyham, 802 So.2d at 204. The Board members, who have been sued in their official capacities only, are also entitled to Art. I, § 14, immunity. See Burqoon v. Alabama State Dep’t of Human Res., 835 So.2d 131, 133 (Ala.2002) (“State agents enjoy absolute immunity from suit in them official capacities.”).
“Article I, § 14, provides that ‘the State of Alabama shall never be made a defendant in any court of law or equity.’ The courts have construed this provision to mean that the State of Alabama and its agencies are immune from suit in any court. Ex parte Franklin County Dep’t of Human Res., 674 So.2d 1277 (Ala.1996). The provision ‘affords the State and its agencies an “absolute” immunity from suit in any court.’ Haley v. Barbour County, 885 So.2d 783, 788 (Ala.2004). This absolute immunity extends to the State’s agencies. Ex parte Tuscaloosa County, 796 So.2d 1100, 1103 (Ala.2000). ...”
Ex parte Walley, 950 So.2d 1172, 1178 (Ala.2006). This absolute immunity from suit also bars suits for relief by way of mandamus or injunction. Ex parte Troy Univ., 961 So.2d 105, 108 (Ala.2006). In addition, Art. I, § 14, also bars claims seeking the recovery of attorney fees and expenses. Ex parte Town of Lowndesboro, 950 So.2d 1203, 1212 (Ala.2006).
“There are exceptions to the State’s sovereign immunity.
“ ‘A state official is not immune from an action that (1) seeks to compel a state official to perform his or her legal duties, (2) seeks to enjoin a state official from enforcing unconstitutional laws, (3) seeks to compel a state official to perform ministerial acts, or (4) seeks a declaration under the Declaratory Judgments Act, § 6-6-220 et seq., Ala.Code 1975, construing a statute and applying it in a given situation.’
“Latham v. Department of Corr., 927 So.2d 815, 821 (Ala.2005). Other actions that are not prohibited by § 14 include:
“ ‘(5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law.’
“Drummond Co. [v. Alabama Dep’t of Transp.], 937 So.2d [56] at 58 [ (Ala.2006) ] (emphasis omitted).”
Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 21 (Ala.2007) (footnote omitted). Moreover, § 41-22-10, Ala.Code 1975, provides as follows:
*226 “The validity or applicability of a [State agency’s] rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery County, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. In passing on such rules the court shall declare the rule invalid only if it finds that it violates constitutional protections or exceeds the statutory authority of the agency or was adopted without substantial compliance with rule-making procedures provided for in this chapter.”
(Emphasis added.)
In the case now before us, Art. I, § 14, bars the plaintiffs’ claims insofar as they seek an award of attorney fees and costs. See Ex parte Town of Lowndesboro, 950 So.2d at 1212. However, Art. I, § 14, does not bar the plaintiffs’ claims insofar as they seek injunctive and declaratory relief. See § 41-22-10.
The Board and the Board members also argue that they are entitled to a writ of mandamus based on types of immunity other than Art. I, § 14, immunity; however, they have not cited any legal authority holding that those other types of immunity constitute exceptions to the general rule “that, because an ‘adequate remedy’ exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus.” Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d at 761-62. Therefore, we do not consider their arguments regarding those other types of immunity.
The Board and the Board members also argue that they are entitled to a writ of mandamus because, they say, the plaintiffs lack standing to bring their action because they have never been disciplined for violating the advertising rules of the Board. The Alabama Supreme Court has reviewed the denial of a motion to dismiss or, in the alternative, for a summary judgment grounded on lack of standing on a petition for a writ of mandamus. E.q., Ex parte Sterilite Corp. of Alabama, 837 So.2d 815 (Ala.2002). Therefore, we will consider the argument of the Board and the Board members regarding the plaintiffs’ lack of standing.
Section 41-22-10 authorizes an action for declaratory or injunctive relief by a plaintiff if the “threatened application” of an administrative rule “threatens to interfere with or impair, the legal rights or privileges of the plaintiff.” In this case, the plaintiffs are all chiropractors and, as such, are subject to the Board’s advertising rules. Thus, the Board’s advertising rules threaten to interfere with the plaintiffs’ rights or privileges even though they have not yet been disciplined under those rules. Cf. Medical Ass’n of Alabama v. Shoemake, 656 So.2d 863 (Ala.Civ.App.1995) (holding that four physicians had standing under § 41-22-10 to challenge an amendment to a rule of the Alabama Board of Physical Therapy because the rule would indirectly affect them medical practices). Therefore, we conclude that the plaintiffs have standing to challenge those rules in an action seeking injunctive and declaratory relief pursuant to § 41-22-10.
The Board and the Board members also argue that they are entitled to a writ of mandamus because, they say, the plaintiffs’ claims have no merit. However, the Board and the Board members have not cited any legal authority holding that they are entitled to appellate review of the *227 merits of the plaintiffs’ claims on a petition for writ of mandamus. See Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d at 761-62. Therefore, we do not consider them argument that they are entitled to a writ of mandamus on the ground that the plaintiffs’ claims have no merit.
In conclusion, we grant the petition insofar as the plaintiffs’ claims seek an award of attorney fees and costs, and we deny the petition in all other respects. We express no opinion regarding whether the plaintiffs will ultimately prevail on their claims seeking injunctive and declaratory relief.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
PITTMAN, J., concurs in part and concurs in the result, with writing.